STATE OF NORTH CAROLINA v. JOSEPH GERALD ANTHONY

No. 8727SC661

(Filed 1 March 1988)

**Rape and Allied Offenses § 4.3— indecent liberties—accusations against others—
refusal to permit cross-examination of prosecutrix**

> The trial court in a prosecution for taking indecent liberties with a minor
> did not err in refusing to permit defense counsel to cross-examine the prosecu-
> trix about whether she had previously accused her father and stepfather of
> sexually abusing her for the purpose of impeaching the prosecutrix's credibil-
> ity where there was no evidence tending to show that the previous accusations
> were false.

APPEAL by defendant from *Long (James M.), Judge*. Judg-
ment entered 24 July 1986 in Superior Court, LINCOLN County.
Defendant's petition for writ of certiorari allowed 17 April 1987.
Heard in the Court of Appeals 10 December 1987.

Defendant was convicted in the Lincoln County Superior
Court of taking indecent liberties with a minor and sentenced to
an active term of imprisonment on 24 July 1986. Prosecutrix was
fourteen years old and living with her mother and brother in Den-
ver, North Carolina when the incident from which this case arose
occurred.

On 16 February 1986, defendant, forty-two-year-old Joseph
Gerald Anthony, went to prosecutrix's home and told her mother
that he and his wife and stepdaughter were going shopping in
Charlotte. He asked permission to take prosecutrix with them.
Prosecutrix's mother consented and defendant returned to pick
up prosecutrix at approximately 3:00 p.m.

Defendant had known prosecutrix and her family for several
years and had established a friendly relationship with them. He
bought gifts and clothing for the children and had taken them ice
skating many times.

Defendant's wife and stepdaughter did not accompany de-
fendant and prosecutrix on their trip that day. Instead they drove
by themselves to Lincolnton where defendant purchased some
clothes for prosecutrix. According to prosecutrix, defendant then
took her to Room 127 of the Town and Country Motel and had

sexual intercourse with her. Afterward, the two drove to a super-market where they encountered prosecutrix's mother.

Prosecutrix's mother had become suspicious earlier in the afternoon when her boyfriend told her he had seen defendant and prosecutrix riding alone in defendant's car. She asked defendant why he lied to her about taking his wife and stepdaughter shopping in Charlotte. She also asked her daughter if anything had happened. Later that evening prosecutrix told her mother that defendant had engaged in sexual intercourse with her in Room 127 of the Town and Country Motel.

Prosecutrix's mother became very upset and angry. She took the clothes defendant purchased for her daughter and went to defendant's home. As she handed them to him, defendant asked: "Don't you want them?" She responded by asking him if the Town and Country Motel Room 127 meant anything to him. Defendant said, "I'm sorry."

Later prosecutrix admitted defendant had engaged in sexual intercourse with her on a weekly basis for the past two or three years. According to prosecutrix defendant used condoms and vaseline. She also said defendant took photographs of her in the nude.

After obtaining a warrant to search defendant's premises and vehicles, police found a locked briefcase in defendant's closet. The briefcase contained a pack of condoms and a photo album with a substantial number of photos of semi-nude young females. The girls' names, telephone numbers and body measurements were written on the back of the photos.

At trial defense counsel tried to elicit testimony from prose-cutrix that she had accused her father and stepfather of sexually abusing her and that charges against both men were dropped. Upon objection by the State, the trial court held an in camera hearing to determine the admissibility of the evidence.

Prosecutrix testified at the in camera hearing that her step-father took indecent liberties with her when she was seven or eight years old. She remembered going to court but did not recall testifying. Her mother contends she divorced the stepfather be-cause he had oral sex with prosecutrix.

According to prosecutrix her biological father had sexual intercourse with her when she was eleven. After telling her mother about the incident she was taken to the doctor for examination. The doctor said prosecutrix's hymen was broken. Prosecutrix remembered going to court and being frightened by her father's attorney.

Prosecutrix did not know whether the court proceedings involving her stepfather and father were civil or criminal and, according to her testimony, the charges or "whatever" were dropped in both instances. Prosecutrix, however, still maintains her accusations were true. As a result of these previous incidents, prosecutrix received counseling from the Department of Social Services.

At the conclusion of the in camera hearing, the trial court ruled that the testimony of prosecutrix's prior accusations of sexual abuse by her stepfather and father were inadmissible for the following reasons. First, the proffered testimony was inadmissible under the Rape Shield Statute, N.C.G.S. § 8-58.6. Second, the testimony was irrelevant and third, even if relevant, it was outweighed by its potentially prejudicial effect.

Defendant appeals contending the trial court committed prejudicial error by preventing cross-examination concerning the two prior accusations.

*Attorney General Lacy H. Thornburg, by Associate Attorney General LaVee Hamer Jackson, for the State.*

*Keith M. Stroud, for defendant-appellant.*

ORR, Judge.

It has long been established that a defendant in a criminal case has a right to cross-examine adverse witnesses under the sixth amendment. The scope of cross-examination, however, lies within the sound discretion of the trial court and shall not be disturbed absent abuse of that discretion. *State v. Wrenn*, 316 N.C. 141, 144, 340 S.E. 2d 443, 446 (1986).

Defendant contends that the trial court erred by prohibiting him from cross-examining prosecutrix about her previous accusations of sexual misconduct against her father and stepfather. Ac-

cording to defendant this evidence is relevant to prosecutrix's credibility. He cites both *State v. Baron*, 58 N.C. App. 150, 292 S.E. 2d 741 (1982) and *State v. Durham*, 74 N.C. App. 159, 327 S.E. 2d 920 (1985) as authority for his contention. We believe both cases are distinguishable and therefore inapplicable to the case at bar.

In *Baron*, defense counsel sought to introduce evidence that the thirteen-year-old prosecutrix falsely accused a foster parent, her brother and a neighbor of sexual misconduct. The trial court ruled the evidence inadmissible under the Rape Victim Shield Statute, N.C.G.S. § 8-58.6. This Court granted a new trial. We stated that:

> Defense counsel sought only to introduce evidence of the prior allegedly false statements for impeachment purposes and advised the court of their intent. We believe that the Legislature intended to exclude the actual sexual history of the complainant, not prior accusations of the complainant.

*State v. Baron*, 58 N.C. App. at 153, 292 S.E. 2d at 743.

In *Durham*, a five-year-old awoke from a nightmare at 4:00 a.m. and told her mother that defendant (who was not her father) had touched her in an indecent manner. The child said her father had previously committed the same act.

Defendant sought to elicit testimony showing that the child suffered from "night terrors" of a sexual nature, allegedly caused by the father's previous misconduct. Defendant argued that the child imagined or fantasized that he touched her in the same manner her father had. This Court stated as follows:

> In these circumstances, we believe the child's accusation of the father was relevant to the child's credibility, and we believe the trial judge abused his discretion and violated defendant's constitutional rights by ruling such a subject irrelevant and by *completely foreclosing* any discussion of it . . . .

*State v. Durham*, 74 N.C. App. at 168, 327 S.E. 2d at 926 (emphasis supplied).

The common element in both *Baron* and *Durham* was the presence of some evidence tending to show that the previous ac-

cusations of sexual misconduct were false. (The *Baron* defendant was erroneously prohibited from introducing testimony that the prior accusations were false.) No evidence in the case *sub judice* was introduced from which the trial court could conclude that the allegations were false. The prosecutrix's recollection as to the disposition of the charges was inadequate to reach such a conclusion.

In *State v. Wrenn*, 316 N.C. 141, 340 S.E. 2d 443, our Supreme Court reached a similar conclusion. There defendant sought to impeach the prosecutrix's credibility with evidence that she accused a man, previously convicted of sexually assaulting her, of threatening her over the telephone after he was placed on probation. A probation revocation hearing was held and the judge did not revoke his probation. The trial court prohibited defendant from introducing this evidence. Our Supreme Court stated that:

> The fact that the defendant's probation was not revoked based on subsequent allegation that the defendant had called and threatened the victim is not sufficient, standing alone, to prove that the victim's accusation was false. There could be, and often are, other reasons why a judge does not revoke one's probation in a given case.

*State v. Wrenn*, 316 N.C. at 144-45, 340 S.E. 2d at 446.

Similarly, there are many reasons why the charges, if any, brought against prosecutrix's father and stepfather were dropped, if in fact they were dropped. The trial court conducted an in camera hearing and carefully weighed the probative value of the prior accusations against the danger that they would confuse or mislead the jury. It was determined that the probative value of the evidence was substantially outweighed by its prejudicial impact. We find no abuse of discretion or constitutional error in his decision. The judgment of the trial court is therefore affirmed.

No error.

Judges ARNOLD and JOHNSON concur.