STATE OF NORTH CAROLINA v. EDWARD LONNIE McCARROLL AND CYNTHIA MARIE WATKINS

No. 925SC44

(Filed 6 April 1993)

**Evidence and Witnesses § 125 (NCI4th) — rape and sexual offenses — thirteen-year-old victim — previous false accusations — not excluded by Rape Shield Statute**

The trial court erred in a prosecution for rape and other sexual offenses against a thirteen-year-old victim by excluding evidence of previous false accusations where defendants were the mother of the victim and her boyfriend; the victim testified that she engaged in various sexual activities with defendant McCarroll on repeated occasions, both with and without her mother present, during weekend visits with her mother; her younger brother testified that he had seen a book containing nude drawings of children and movies about people having sex while at the trailer; that the victim had been followed into the bathroom on one occasion by defendant McCarroll; that he had heard only whispers from the bathroom and thirty minutes later his sister emerged; defendants attempted to introduce testimony that the victim had oral sex with her brother and that she had been previously abused; and her brother denied sexual activity with the victim. The purpose of the Rape Shield Statute is to prevent harassing, humiliating and irrelevant inquiries into the past sexual behavior of victims, as well as to prevent the introduction of collateral issues that may confuse the jury; however, the Legislature intended to exclude only the actual sexual history of the complainant and not prior false accusations. By not allowing defendants to inquire as to whether the victim had fantasized as to the previous sexual activity with her brother, defendants were denied the right of effective cross-examination. In light of other errors in the trial, the Court of Appeals could not agree that a different result would have been reached if the testimony had been admitted.

**Am Jur 2d, Rape §§ 55 et seq.**

STATE v. McCARROLL

[109 N.C. App. 574 (1993)]

Appeal by defendants from judgments and commitments entered 24 May 1991 by Judge Ernest B. Fullwood in New Hanover County Superior Court. Heard in the Court of Appeals 11 February 1993.

*Attorney General Lacy H. Thornburg, by Assistant Attorney General Jane Rankin Thompson, for the State.*

*Nora Henry Hargrove for defendant appellant Edward Lonnie McCarroll.*

*Appellate Defender Malcolm Ray Hunter, Jr., by Assistant Appellate Defender Mark D. Montgomery, for defendant appellant Cynthia Marie Watkins.*

LEWIS, Judge.

The issue presented by this appeal is whether defendants were denied their constitutional right to confront the witness against them when the trial court excluded testimony of a sexual nature under North Carolina's Rape Shield Statute. We are forced to agree that defendants were denied their constitutional right of confrontation and hereby remand this matter for a new trial.

The facts of this case are so repulsive as to constitute a virtual encyclopedia of orgiastic implementation. Cynthia Marie Watkins ("Watkins") was the mother of three children: two daughters and a son. At all times pertinent to this appeal, Watkins lived with her boyfriend, Edward Lonnie McCarroll ("McCarroll") in a two bedroom trailer in Wilmington, North Carolina. Watkins and the children's natural father were separated and the father had custody but Watkins had visitation rights every other weekend. On these weekends, the children would come and stay with her in McCarroll's trailer. Watkins and McCarroll had a very open sexual relationship involving all sorts of pornographic material. The problem presented by this appeal, however, is that between August and October of 1990, Watkins and McCarroll began to involve Watkins' thirteen year old daughter (hereafter "the victim") in their sexual relations.

The victim testified at trial that during one of her weekend visits she was approached by Watkins and McCarroll and asked if she would like to have sex with them. Watkins and McCarroll stated that it would be "teaching you for when you [get] older." Though the record is not clear as to exactly when she began, the victim testified that she did engage in various sexual activities

including fellatio, cunnilingus and vaginal intercourse with McCarroll on repeated occasions, both with and without her mother present.

The victim's younger brother, Eddie, also testified at trial on behalf of the State. Eddie testified that during the weekend visits he had been shown a book entitled *Show Me*, containing nude drawings of children. Eddie also testified that he had seen real "bad movies" about people having sex while at McCarroll's trailer. However, the most damaging statements given by Eddie were those placing McCarroll and the victim in the bathroom at the same time. According to Eddie, on one occasion when the victim had gone into the bathroom she was followed by McCarroll. Eddie heard only whispers from the bathroom and then thirty minutes later his sister emerged.

When Eddie returned to his father's house, he told him what he had seen. This prompted Mr. Watkins to question the victim further about the episode and the victim confirmed that McCarroll had been in the bathroom with her. On the basis of this information, Mr. Watkins contacted Detective Boaz of the New Hanover County Sheriff's Department. Detective Boaz interviewed the victim and thereafter obtained a search warrant for McCarroll's trailer. Upon searching the trailer, Detective Boaz found adult magazines, X-rated movies, condoms, Vaseline, and a note of a sexual nature written by Watkins which read:

> Hi Babe & [victim]. I love you both very much. So don't please— So don't think I am jealous when I say this—Please use the rubbers each and every time whether you like them or not. Have good time and I'll be home sometime after 2:00 a.m. Okay. Remember what I said. Babe if you ain't finished when I get home finish on me. And remember tonight you don't have anyone else to watch the other two kids so be quiet and listen for yourself. Be careful hugs and ever more kisses. Love ya Always Cindy.

McCarroll and Watkins were subsequently arrested and charged with rape, crime against nature, taking indecent liberties with a minor, felonious child abuse, and felonious sexual intercourse by a substitute parent.

At the suggestion of Detective Boaz, the victim was examined by Dr. William Stewart, an expert in pediatric medicine with an emphasis in child sexual abuse diagnosis and treatment. Dr. Stewart

observed that the victim's hymen had been torn and that his speculum passed easily during his examination. It was Dr. Stewart's opinion that his physical findings were the result of repeated sexual intercourse, though he did admit that they could have been caused by masturbation.

Both McCarroll and Watkins took the stand and denied that any sexual activity had taken place with the victim. Watkins further testified that the note was merely a warning to her daughter intended to discourage her from becoming too active sexually and that it was not meant ·to be a sexual invitation.

McCarroll was convicted of taking indecent liberties with a minor, crime against nature, felony child abuse and the felony of engaging in vaginal intercourse with a minor over whom he had assumed the position of a parent but acquitted of rape. Watkins was similarly convicted of all charges except rape. Defendants appealed.

The major issue presented by defendants' appeal is whether the trial court erred in excluding under North Carolina's Rape Shield Statute testimony of previous false accusations by the victim. See N.C.G.S. § 8C-1, Rule 412 (1992). The first witness to testify at the trial was the victim's younger brother, Eddie. On cross-examination, defendants made a Rule 412 motion for an in camera hearing.

Defendants argued before the trial court that the purpose of the in camera hearing was to show that the victim had oral sex with her brother during the same time period as the other sexual activities with McCarroll and Watkins. Defendants wanted to introduce this testimony to show that the victim had prior knowledge of sexual activity and was possibly making false accusations. Upon hearing the arguments of counsel, the trial court determined that the defendants had not brought themselves within any of the exceptions set forth in Rule 412. Defendants asked to make an offer of proof and the trial court denied their request. However, the trial court said that it would reconsider the request at a later point in the trial.

While the victim was testifying, defendants again asked for a Rule 412 in camera hearing. During the in camera hearing, defendants sought to establish that the victim had been previously abused. In addition, defendants wanted to ask the victim about previous

sexual activities with her brother. The trial court allowed both. Responding to the defendants' questions, the victim stated that her brother had asked her to engage in fellatio with him and that her brother would sometimes come into her bedroom and get on top of her. Eddie denied any such activity.

After Eddie's testimony, defendants argued to the trial court that the jury should be allowed to hear the testimony because Rule 412 was designed to allow evidence of unfounded accusations of sexual activities. The trial court disagreed and refused to let the jury hear the evidence to which defendants assign error.

The purpose of the Rape Shield Statute is to prevent harassing, humiliating and irrelevant inquiries into the past sexual behavior of victims, as well as to prevent the introduction of collateral issues that may confuse the jury. See State v. Fortney, 301 N.C. 31, 269 S.E.2d 110 (1980). However, the legislature intended to exclude only the actual sexual history of the complainant and not prior false accusations. State v. Baron, 58 N.C. App. 150, 292 S.E.2d 741 (1982). The reason for this distinction lies in the sixth amendment to the United States Constitution, made applicable to the states through the fourteenth amendment. "It has long been established that a defendant in a criminal case has a right to cross-examine adverse witnesses under the sixth amendment." State v. Anthony, 89 N.C. App. 93, 95, 365 S.E.2d 195, 196 (1988). The right of effective cross-examination, recognized as fundamental by the United States Supreme Court, is denied when a defendant is prevented from cross-examining a witness on a subject matter relevant to the witness' credibility. State v. Durham, 74 N.C. App. 159, 327 S.E.2d 920 (1985). Eddie's testimony, expressly denying any sexual activity with his sister, was highly relevant to the issue of the victim's credibility. By not allowing McCarroll and Watkins to inquire as to whether the victim had fantasized as to the previous sexual activity with her brother, defendants were denied the right of effective cross-examination. This is reversible error.

The State argued at oral argument that the situation in this case is similar to Anthony. We disagree. However, we are guided by the way in which the Anthony Court distinguished both Baron and Durham. In Anthony, this Court held that the factor that distinguished Baron and Durham was the existence of prior evidence tending to show that the previous sexual misconduct was false.

*Anthony*, 89 N.C. App. at 96-97, 365 S.E.2d at 197. This Court upheld the conviction because "no evidence . . . was introduced from which the trial court could conclude that the allegations were false." *Id.* at 97, 365 S.E.2d at 197. In contrast, Watkins and McCarroll attempted to introduce evidence showing the previous accusations to be false, but the trial court completely foreclosed this avenue of inquiry.

The facts of this case are virtually indistinguishable from those in *State v. Baron*, 58 N.C. App. 150, 292 S.E.2d 741 (1982). In *Baron*, defendant was accused of raping his thirteen year old daughter. Defendant testified and denied the allegations. Evidence heard in camera disclosed that the victim had previously accused a foster parent, a neighbor and her brother of improper sexual advances. During the in camera hearing, the defendant attempted to cross examine the victim as to those prior accusations and also to introduce the testimony of those accused to deny the allegations. The trial court ruled the evidence inadmissible. The Court of Appeals reversed. We see no substantive difference between the facts of this case and those in *Baron*. In this case more than ample evidence of a prior false accusation existed so that the jury should have been allowed to hear the evidence and to decide for themselves whether it affected the victim's credibility.

The State urges that a different result would not have been reached if the testimony about previous false accusations of sexual misconduct had been admitted. This Court stated in *Durham*, "the denial of that right [effective cross-examination] is a 'constitutional error of the first magnitude and no amount of showing of want of prejudice would cure it.'" *Durham*, 74 N.C. App. at 163, 327 S.E.2d at 923 (citations omitted). In light of the other errors that occurred during the trial, we cannot agree that a different result would not have been reached. During the trial, the State asked Watkins about a previous episode of sexual activity that she had while the family lived in Kansas. The State admitted in its brief that this inquiry was irrelevant, but contended that the inquiry was brief and not prejudicial. We agree that the inquiry was totally irrelevant, but we are unable to agree that the inquiry was not prejudicial. We are bound by *Baron* to reverse and therefore, we need not address defendants' remaining assignments of error.

Reversed and remanded for a new trial.

Judges JOHNSON and JOHN concur.