STATE OF NORTH CAROLINA v. WILLIAM RAY RIDDLE

No. 84PA84

(Filed 28 August 1984)

1. Criminal Law § 102.7— prosecutor's jury argument—no expression of personal beliefs

The prosecutor's argument as to what defendant's witnesses might have testified if he had not saved a State's witness for rebuttal did not constitute an improper expression of the prosecutor's personal beliefs as to the credibility of the witnesses where the prosecutor did not refer to anything defendant's witnesses said and did not argue that defendant's witnesses would change their stories after hearing the State's witness.

2. Criminal Law § 46.1— argument concerning flight—supporting evidence

The prosecutor's jury argument that defendant disappeared from McDowell County after a burglary was supported by evidence that three deputy sheriffs spent a couple of weeks looking for defendant after the crime was committed, and that they checked the neighborhood, going to all the houses and talking with the people, but they did not see defendant during that period.

3. Criminal Law § 134.4— youthful offender—sufficiency of no benefit finding

Although the trial judge used the phrase "regular committed youthful offender" instead of "regular youthful offender" in the judgment and commitment form, it is clear that the trial judge did not sentence defendant as a committed youthful offender where he found that defendant would not benefit as a committed youthful offender and he failed to check the block which would have ordered the sentence to be served as a committed youthful offender.

APPEAL of right pursuant to N.C.G.S. 7A-30(2) from the decision of a divided panel of the Court of Appeals, 66 N.C. App. 60, 310 S.E. 2d 396 (1984), which found no error in the judgment entered by *Thornburg, J.,* at the 29 November 1982 session of Superior Court, MCDOWELL County. Heard in the Supreme Court 12 June 1984.

*Rufus L. Edmisten, Attorney General, by Guy A. Hamlin, Assistant Attorney General, for the State.*

*C. Frank Goldsmith, Jr. for defendant.*

MARTIN, Justice.

This case comes before us upon two issues. For their resolution, only a short summary of the evidence is required.

On 21 July 1982 at about 4:30 a.m., Howard Lee Hollifield discovered an intruder in his bedroom. When Hollifield turned on a light, the intruder ran. Although Hollifield followed the intruder, he was unable to capture him and did not see him again. Hollifield's wallet was missing after the intruder left. He described the intruder to the officers as six feet tall, weighing 130 to 140 pounds, skinny or slender build, thin-faced with dark brown hair, dressed in Levi's, possibly tennis shoes, without a shirt, and wearing a red headband. Later Hollifield identified defendant in a photographic lineup.

Although defendant did not testify, he presented evidence of alibi. This evidence indicated that defendant was at a house next to the Hollifield residence until about 2:30 a.m., when he went home. A woman who lives in the home of defendant and his mother testified that she saw him asleep in a chair when she left for work about 4:00 a.m. She also saw defendant in the kitchen about 2:00 a.m. Other witnesses also corroborated defendant's alibi.

The State in rebuttal offered Maxine Teague, a neighbor, who said that at about 3:30 a.m. she and her husband saw a car leave defendant's home, go a short distance, and heard the motor cut off. About one-half hour later, the car restarted and returned to the Riddle residence.

The jury found defendant guilty of burglary in the second degree. Following the decision by a divided panel of the Court of

Appeals, this Court allowed discretionary review on the additional question of the validity of the judgment entered against defendant.

[1]   We discuss first the issue raised by the dissent in the Court of Appeals. Defendant argues that the trial court erred in allowing the solicitor to assert his personal beliefs to the jury as to the credibility of the witnesses. The solicitor's argument, in part, follows:

> Now, in a case like this, ladies and gentlemen, when you decide who you'll believe and that's a simple question before the jury. I think it is important you look at the character of the individuals that you're asked to believe and the life style and any criminal convictions, if that be the case. . . .
>
> . . . .
>
> Mr. (sic) Teague took the stand and you will recall her testimony, she talked about how the car left here sometime the next around quarter of 4 and went down this road and stayed about 45 minutes and then she heard it return to the house. She said 45 minutes later. That would be right at 4:30. Mrs. Teague was an extremely important witness. The reason I didn't put Mrs. Teague on this morning is that I knew that if I put Mrs. Teague on, this line of six witnesses they put on would explain that away too.
>
> MR. GOLDSMITH: Objection to that. I would like His Honor out here.
>
> (JUDGE COMES BACK ON THE BENCH.)
>
> MR. GOLDSMITH: Your Honor, I objected to Mr. Leonard's arguing on the grounds he was injecting his personal opinion as to the veracity of witnesses. I heard him, him say or understood him to say that the reason he didn't put on Mrs. Teague this morning was because if he did our witnesses would come in and change their stories to conform with what she said.
>
> COURT: Sustained. You won't consider that portion of the Solicitor's argument at any point in your deliberations, members of the jury. I was on the phone trying to correct a problem in my own district, so I will be out here.

MR. LEONARD: Members of the jury, you will recall that this morning I put on testimony relating to the headband and defendant's witnesses took the stand and they said, "Oh, yes, Barry Hensley had on a headband." In light of that, I waited to put the other witness on and I submit to you that if I had put Mrs. Teague on this morning, in all likelihood the evidence would be, "Oh, yes, Barry Hensley was driving that car that night."

MR. GOLDSMITH: Objection.

COURT: Overruled.

Or somebody would say, "Oh, yes, I took the car about quarter 'til 4 in the morning just exactly like that lady said I took the car and went down this road and on down here several miles to visit some friend of mine." I submit to you, members of the jury, that that would have been covered also.

. . . .

If this man was righteous and didn't commit this crime, why did he disappear from McDowell County—

MR. GOLDSMITH: Objection.

COURT: Overruled.

There's not one bit of explanation for that. They've put on six witnesses and not one of those witnesses went on the stand and said, "Oh, he was there all the time."

Defendant argues that the foregoing statements constitute expressions by the solicitor of his personal beliefs as to the credibility of the witnesses. "[T]he prosecutor may not determine matters of credibility and announce the result in open court—that is the jury's prerogative. The district attorney's private opinion that defendant's witness Leonard was lying 'was a step out of bounds.'" *State v. Locklear*, 294 N.C. 210, 218, 241 S.E. 2d 65, 70 (1978).

We disagree with defendant's characterization of the prosecutor's argument. The prosecutor was not referring to anything defendant's witnesses said, but was arguing what they might have testified if he had not saved his witness for rebuttal. This is not a case such as *Locklear, supra,* in which the prosecutor is

arguing that the defendant's witnesses have lied or that he does not believe them. Nor did he argue that defendant's witnesses would *change* their stories after hearing the State's witness. When a prosecutor becomes abusive and injects his personal views and opinions into the argument before the jury, he violates the rules of fair debate, and it becomes the duty of the trial judge to intervene to stop improper argument. *State v. Smith,* 279 N.C. 163, 181 S.E. 2d 458 (1971). Such is not the case here. We do not perceive that the solicitor's argument unfairly prejudiced the jury against defendant. *See State v. Miller,* 271 N.C. 646, 157 S.E. 2d 335 (1967). We note that the judge was not in the courtroom when the first objection was made. He did not hear the argument or ask that it be read by the reporter but sustained the objection based upon the statement of defendant's counsel. Thereafter he remained in the courtroom and heard the remainder of the challenged argument. This explains why he overruled the second objection.

[2] Defendant also contends that the State's argument was improper in asserting that defendant disappeared from McDowell County after the crime. The evidence discloses that deputy sheriffs Fineburg, Cline, and Edwards spent a "couple of weeks" looking for defendant after the crime was committed. They checked the neighborhood, going to all the houses and talking with the people. They did not see defendant during that period. Defendant turned himself in for probation violation on 6 August 1982 and was thereafter arrested for the burglary charge on 10 September 1982.

This evidence is sufficient to support the State's argument that defendant disappeared after the crime was committed.

Argument of counsel must be left largely to the control and discretion of the trial judge, and counsel must be allowed wide latitude in their arguments which are warranted by the evidence and are not calculated to mislead or prejudice the jury. *State v. Adcock,* 310 N.C. 1, 310 S.E. 2d 587 (1984). We find no prejudicial error in the challenged argument.

[3] We turn now to the question of the validity of the judgment entered. In the judgment and commitment form, the trial judge ordered that "the defendant be imprisoned [f]or a term of: 14 years as a regular committed youthful offender. The Court finds

that he would not benefit as a committed youthful offender." The judgment also contains the following:

(check all that apply)

☐ The defendant shall serve as a committed youthful offender (CYO) pursuant to G.S. Chapter 148 Article 3B.

The trial judge did not check this block.

Defendant argues that the judgment is ambiguous and void. While it is true that ambiguity in a "no benefit" finding creates error in the judgment, *State v. Bracey*, 303 N.C. 112, 277 S.E. 2d 390 (1981), here the no benefit finding by the trial judge is not ambiguous. Although the trial judge used the phrase "regular committed youthful offender" instead of "regular youthful offender," he immediately found that defendant would not benefit as a committed youthful offender. This is a clear and plain no benefit finding manifesting that defendant was not sentenced as a committed youthful offender. The judge further demonstrated his no benefit finding by not checking the block that would have ordered the sentence to be served as a committed youthful offender. It is clear that the trial judge did not sentence defendant as a committed youthful offender and that he fully complied with the terms and intent of N.C.G.S. 15A-1340.4(a) and 148-49.14. Defendant's assignment of error is overruled.

Affirmed.