STATE OF NORTH CAROLINA v. EDWARD LONNIE McCARROLL AND CYNTHIA MARIE WATKINS

No. 172PA93

(Filed 17 June 1994)

**1. Evidence and Witnesses § 132 (NCI4th)— sexual offenses— false accusation by victim—exclusion of evidence—harmless error**

Assuming that the trial court in a prosecution for rape and other sexual offenses allegedly committed by a mother and her boyfriend against the mother's daughter erred by excluding under Rule 412 testimony by the victim's brother tending to show that the victim had falsely stated that she had had oral sex with her brother, this error was harmless beyond a reasonable doubt where the brother's denial that any sexual activity had occurred with his sister was equivocal at best; the jury could not have placed much credence in the brother's testimony; and the outcome of the trial would not have been affected by this evidence in light of the strong evidence against defendants, particularly a letter written by the mother which strongly corroborated the State's case. N.C.G.S. § 8C-1, Rule 412.

**Am Jur 2d, Rape §§ 55 et seq.**

**2. Evidence and Witnesses § 2973 (NCI4th)— cross-examination of one defendant about previous affair—harmless error**

In a prosecution of defendants for various sexual offenses involving the female defendant's daughter, the trial court erred in allowing the State to cross-examine the female defendant as to whether she had an affair with a man who the victim said had previously molested her because this evidence was not probative of the witness' truthfulness or untruthfulness and was not relevant to any element of the crimes for which she was being tried. However, this error was not prejudicial since all the evidence showed that the defendants were living

STATE v. McCARROLL

[336 N.C. 559 (1994)]

together although they were not married, and it is unlikely that the jury would be any more prejudiced by learning of an affair in which the female defendant had engaged several years previously. N.C.G.S. § 8C-1, Rules 404(b), 608(b).

**Am Jur 2d, Witnesses §§ 563 et seq.**

**Construction and application of Rule 608(b) of Federal Rules of Evidence dealing with use of specific instances of conduct to attack or support credibility. 36 ALR Fed 564.**

**Admissibility, under Rule 404(b) of Federal Rules of Evidence, of evidence of other crimes, wrongs, or acts not similar to offense charged. 41 ALR Fed 497.**

**Attacking or supporting credibility of witness by evidence in form of opinion or reputation, under Rule 608(a) of Federal Rules of Evidence. 52 ALR Fed 440.**

3. **Criminal Law § 734 (NCI4th)— instructions—reference to prosecutrix as victim—no plain error**

The trial court's reference to the prosecutrix as the victim throughout the charge was not an expression of opinion by the court that defendant was guilty and did not constitute plain error.

**Am Jur 2d, Trial §§ 657 et seq.**

4. **Criminal Law § 1133 (NCI4th)— crime against nature—sexual activity by substitute parent—aggravating factor—inducement of others—sufficient evidence**

A letter written by the female defendant to the male defendant and her minor daughter was sufficient evidence to support the trial court's finding as an aggravating factor for crime against nature and sexual activity by a substitute parent that the female defendant induced others to participate in the commission of the offenses.

**Am Jur 2d, Criminal Law §§ 598, 599.**

5. **Criminal Law § 904 (NCI4th); Rape and Allied Sexual Offenses § 132 (NCI4th)— indecent liberties—disjunctive instruction**

The trial court did not deny defendant the right to a unanimous verdict by instructing the jury that it could find her guilty of indecent liberties based on any "immoral, improper or indecent touching or act by the defendant upon the

STATE v. McCARROLL

[336 N.C. 559 (1994)]

child or an inducement by the defendant of an immoral or indecent touching by the child." Even though there may have been evidence of touching or other acts by defendant which would not be considered "immoral, improper or indecent," there was plenary evidence of illegal touching by defendant to support her conviction; the trial court properly instructed the jury as to how to consider the evidence; and it will be assumed that the jury followed the court's instructions.

**Am Jur 2d, Criminal Law § 892; Rape §§ 108 et seq.; Trial §§ 1112 et seq.**

On discretionary review pursuant to N.C.G.S. § 7A-31 of a unanimous decision of the Court of Appeals, 109 N.C. App. 574, 428 S.E.2d 229 (1993), setting aside multiple judgments entered against the defendants by Fullwood, J., at the 21 May 1991 Criminal Session of Superior Court, New Hanover County and awarding the defendants new trials. Heard in the Supreme Court 15 March 1994.

Each defendant was charged with a crime against nature, first degree rape, taking indecent liberties with a minor, felony child abuse and sexual activity by a substitute parent. The offenses and the defendants were joined for trial.

The evidence showed that the defendant Watkins had three children, a thirteen-year-old daughter (hereinafter "the prosecuting witness"), an eleven-year-old daughter, and an eight-year-old son. The defendant Watkins' divorced husband had custody of the children, but Watkins had the children with her every other weekend. The two defendants lived together.

In August 1990, the defendants began to involve the prosecuting witness in their sexual relations. The prosecuting witness testified that during one weekend visit the defendants inquired as to whether she would like to have sex with them. They indicated that it would be "teaching you for when you [get] older." The prosecuting witness testified that from August to October 1990, she participated in numerous sexual acts with the defendants including fellatio, cunnilingus and vaginal intercourse. The encounters with the defendant McCarroll occurred in the defendant Watkins' presence and in her absence.

STATE v. McCARROLL

[336 N.C. 559 (1994)]

The prosecuting witness' younger brother testified that on one occasion he saw McCarroll follow his sister into the bathroom. He testified he heard only whispers from the bathroom and the two came out thirty minutes later. The brother informed his father of what he had seen. The father then confronted the prosecuting witness who confirmed what her brother had told him.

The Sheriff's Department of New Hanover County began an investigation of the matter. During the investigation, deputy sheriffs searched the mobile home of the defendants. They found, among other things, a note written by the defendant Watkins which said:

Hi Babe and [Prosecuting Witness].

I love you both very much. So don't please—So don't think I am jealous when I say this[.] Please use the rubbers each and every time whether you like them or not. Have good time and I'll be home sometime after 2:00 a.m. Okay. Remember what I said. Babe if you ain't finished when I get home finish on me. And remember tonight you don't have anyone else to watch the other two kids so be quiet and listen for yourself. Be careful hugs and ever more kisses. Love ya Always Cindy.

Each defendant testified that no sexual activity took place between either of them and the prosecuting witness. The defendant Watkins testified the note was intended to scare the prosecuting witness in order to prevent her from becoming too active sexually and was not meant to encourage sexual activity between the defendant McCarroll and the prosecuting witness.

The defendants were found guilty of all the charges against them except first degree rape, for which each was found not guilty. Each defendant appealed from the imposition of prison sentences. The Court of Appeals granted a new trial on the ground that the defendants were not allowed to offer evidence that the prosecuting witness had falsely accused another person of sexual activity with her. We granted a petition by the State for discretionary review.

*Michael F. Easley, Attorney General, by Jane Rankin Thompson, Assistant Attorney General, for the State-appellant.*

*Nora Henry Hargrove for defendant-appellee Edward Lonnie McCarroll.*

*Malcolm Ray Hunter, Jr., Appellate Defender, by Mark D. Montgomery, Assistant Appellate Defender, for defendant-appellee Cynthia Marie Watkins.*

WEBB, Justice.

**[1]** The first question brought to the Court by this appeal is whether it was error to exclude testimony pursuant to N.C.G.S. § 8C-1, Rule 412, which evidence would have tended to show that the prosecuting witness was not truthful when she said she had a sexual encounter with someone other than the two defendants. Rule 412 makes irrelevant certain previous sexual activity of a complainant in a rape or sex offense case. *See State v. Fortney*, 301 N.C. 31, 269 S.E.2d 110 (1980).

The Court of Appeals has held that Rule 412 does not prevent evidence that a complainant has falsely accused a person of sexual activity because a false accusation is not sexual activity. Such evidence is relevant because it tends to impeach the witness. *State v. Anthony*, 89 N.C. App. 93, 365 S.E.2d 195 (1988); *State v. Durham*, 74 N.C. App. 159, 327 S.E.2d 920 (1985); *State v. Baron*, 58 N.C. App. 150, 292 S.E.2d 741 (1982).

In this case, the court conducted an in camera hearing pursuant to the provisions of Rule 412. The prosecuting witness testified that her brother had engaged in oral sex with her. Her brother denied that any such activity had occurred. The superior court refused to allow this testimony to be heard by the jury. The Court of Appeals held that the proffered testimony was not evidence of previous sexual activity. It tended to impeach the witness and it should not have been excluded pursuant to Rule 412. The Court of Appeals held this was error requiring a new trial.

Assuming it was error to exclude this evidence, we are satisfied it was harmless beyond a reasonable doubt. *See* N.C.G.S. § 15A-1443 (1988). The denial of the prosecuting witness' brother that any sexual activity occurred with his sister was equivocal at best. When the brother was being examined, he at first said he did not know what the question meant when he was asked if any sexual acts occurred between his sister and him. He was then asked a series of questions as to whether his sister had ever touched him in one of his private places and whether he had asked her to perform any type of sexual activity on him. He answered "no" to these questions, but then said he did not understand the nature of the questions. He said he did not know what oral sex was. He testified that he did not know what his penis was and then began crying when the defendant McCarroll's attorney accused him of not being

honest in answering this question. After the brother had regained his composure, he testified that his sister had never touched his penis.

We do not believe the jury could have placed much credence in the testimony of the brother. If they did not, it would have left before them the testimony of the prosecuting witness that she had had a sexual experience with someone other than the defendants, which should have been excluded under Rule 412. This might run afoul of N.C.G.S. § 8C-1, Rule 403. In light of the strong evidence against the defendants, particularly the letter written by the defendant Watkins which comprised a strong corroboration of the whole case of the State, we are satisfied that the equivocal testimony of the prosecuting witness' brother would not have affected the outcome.

[2] The next question posed by this appeal deals with questions propounded by the State on cross-examination of the defendant Watkins. The prosecuting witness testified that she had been sexually abused on another occasion when she was living with her family in Kansas. The State questioned the defendant Watkins on cross-examination as to her relation to the man who her daughter said had molested her. The following colloquy occurred.

Q. He was actually a boyfriend of yours, is that correct?

MR. TISE: Objection.

MR. BONEY: Objection.

COURT: Well, overruled.

Q. You can answer.

A. A boyfriend?

Q. Yes.

A. No. A fling, yes.

Q. By "fling" you mean you had an affair with him?

A. Yes.

MR. BONEY: Objection.

MR. TISE: Objection.

COURT: Well, sustained.

Q. Ms. Watkins, I believe the word you used was a "fling" is that correct?

MR. BONEY: Objection.

MR. TISE: Objection.

COURT: Overruled.

A. Yes, ma'am.

MR. BONEY: Move to strike that answer.

COURT: Denied.

Q. Can you define what you mean when you say a "fling," that Ellis was a fling?

MR. BONEY: Objection.

MR. TISE: Objection.

COURT: Overruled.

A. Just that I needed comforting and things went farther than they should have.

MR. TISE: Move to strike.

MR. BONEY: Move to strike.

COURT: Motion denied.

We agree with the Court of Appeals that it was error to allow this cross-examination. It was not probative of the witness' truthfulness or untruthfulness and was not relevant to any element of the crimes for which she was being tried. *State v. Morgan*, 315 N.C. 626, 340 S.E.2d 84 (1986). N.C.G.S. § 8C-1, Rule 404(b) and Rule 608(b) (1992). We also hold, however, that this was not prejudicial error. All the evidence showed the defendants were living together although they were not married. It is not likely that the jury, under these circumstances, would be any more prejudiced by learning of an affair in which Watkins had engaged several years previously.

[3] The defendant Watkins brings forward three assignments of error which were not addressed by the Court of Appeals. She says first that the trial court erred in referring to the prosecuting witness as the "victim" throughout the charge to the jury. She contends that this was an expression of an opinion by the court

that she was guilty. She concedes that no objection to this reference was made at the trial and it must be examined as plain error. "Plain error is 'fundamental error, something so basic, so prejudicial, so lacking in its elements that justice cannot have been done.'" *State v. Gibbs*, 335 N.C. 1, 37, 436 S.E.2d 321, 341 (1993) (quoting *United States v. McCaskill*, 676 F.2d 995, 1002 (4th Cir. 1982)). There is no intimation that the court expressed an opinion on the evidence other than as argued in this assignment of error. The judge properly placed the burden of proof on the State. We cannot hold that the reference to the prosecuting witness as the victim was an error so basic and lacking in its elements that justice could not have been done. This assignment of error is overruled.

[4] The defendant Watkins next says it was error for the court to find as an aggravating factor, for the enhancement of the sentences imposed in the crime against nature and sexual activity by a substitute parent cases, that she induced others to participate in the commission of the offenses. She says there was not sufficient evidence to support these findings.

We hold that there was sufficient evidence to support this finding. The letter written by the defendant is evidence from which the court could have made such a finding. *See State v. Lloyd*, 89 N.C. App. 630, 366 S.E.2d 912 (1988). This assignment of error is overruled.

[5] In her last assignment of error, defendant Watkins argues that the court in its charge denied her the right to a unanimous verdict by the jury on the charges of indecent liberties and child abuse. She bases this argument on the court's charge that the jury could find her guilty of indecent liberties based on any "immoral, improper or indecent touching or act by the defendant upon the child or an inducement by the defendant of an immoral or indecent touching by the child." For child abuse, the court charged that the jury could base its verdict on either fellatio by defendant McCarroll or cunnilingus by either of the defendants.

The defendant Watkins says that by not requiring the jury to agree on the specific acts upon which they rested their verdict, her right to a unanimous jury verdict has been violated. The defendant Watkins concedes that we have held that a jury need not be unanimous as to which of several sex acts it finds to support a conviction for indecent liberties. *State v. McCarty*, 326 N.C. 782, 392 S.E.2d 359 (1990). She says, however, that in this case there

was so much evidence of touching or other acts by the defendants which would not be considered "immoral, improper or indecent," that some of the jurors could have based their verdicts on acts which were not illegal. There was plenary evidence of illegal touching by the defendants to support the convictions. The court properly instructed the jury as to how to consider the evidence. We must assume that the jury followed the court's instruction and based its verdicts on evidence which supports the convictions. This assignment of error is overruled.

For the reasons stated in this opinion, we reverse the Court of Appeals and remand for remand to superior court for the reinstatement of the judgments.

REVERSED AND REMANDED.