STATE OF NORTH CAROLINA v. JAMES ALBERT BASS

No. COA94-1098

(Filed 2 January 1996)

**1. Evidence and Witnesses § 123 (NCI4th)— sexual abuse of child—previous abuse by another person—not admissible**

The trial court did not err in a prosecution for taking indecent liberties with a child and first-degree sexual offense by denying defendant's motion to present evidence concerning prior similar

abuse of the victim by another person. Defendant introduced no evidence that the victim's prior accusations were false, alleges no prior inconsistent statements, and makes no allegation that the proffered evidence would be relevant to show that someone other than defendant committed the assault. Although defendant contended that the information was relevant to the witness's credibility merely because it would show that she had some of the requisite information she would need to lie, that contention would substantially restrict the effect of N.C.G.S. § 8C-1, Rule 412. Absent some opening of the door, evidence of prior abuse such as in this case is inadmissible.

**Am Jur 2d, Evidence § 504; Rape §§ 55, 86.**

**Constitutionality of "rape shield" statute restricting use of evidence of victim's sexual experiences. 1 ALR4th 283.**

**Admissibility of evidence that juvenile prosecuting witness in sex offense case had prior sexual experience for purposes of showing alternative source of child's ability to describe sex acts. 83 ALR4th 685.**

2. **Criminal Law § 546 (NCI4th)— indecent liberties and first-degree sexual offense—evidence of prior abuse of child by another party excluded—argument that child would have no knowledge but for this abuse allowed—mistrial**

The trial court abused its discretion in a prosecution for taking indecent liberties with a child and first-degree sexual offense by denying defendant's objections to the prosecutor's closing argument that the victim would have no knowledge of these things but for this abuse and by denying defendant's motion for a mistrial after previously denying defendant's motion to introduce evidence of similar abuse by another party. Although lack of knowledge but for this abuse can be fairly implied, and the jury could draw such an inference in this case, the prosecutor may not properly argue to the jury that the inference would be correct where the prosecutor is aware that the contrary is true.

**Am Jur 2d, Trial §§ 611, 632.**

**Supreme Court's views as to what courtroom statements made by prosecuting attorney during criminal trial violate due process or constitute denial of fair trial. 40 L. Ed. 2d 886.**

Appeal by defendant from judgments and commitments entered 15 June 1994 by Judge Robert L. Farmer in Cumberland County Superior Court. Heard in the Court of Appeals 17 October 1995.

Defendant is a neighbor of the victim in the trailer park in which both reside. Defendant was charged and tried for taking indecent liberties with a child in violation of G.S. 14-202.1(a)(1) and first degree statutory sexual offense in violation of G.S. 14-27.4(a)(1). The jury found defendant guilty of both charges.

The State's evidence at trial tended to show the following. The victim was six years old when the abuse occurred. The victim testified that she knew the defendant and that he had given her candy and other treats on many occasions. On the day in question, the victim testified that defendant invited her inside his trailer and gave her apple pie. After eating the pie, the victim looked around to see what defendant was doing. She found defendant in the bedroom with his pants open. Defendant proceeded to masturbate in front of her. She then testified that defendant ordered her to undress and licked her "front." Afterward, defendant allowed her to dress but then demanded that she touch his "front." Defendant told her "that's not right" and proceeded to show her "how to do it."

The victim testified that, at this point, her mother could be heard calling her. She testified that defendant then released her, but told her that he would kill her mother if she told anyone. When the victim got home, however, she reluctantly told her mother what had happened. The next morning, she repeated her account of the events to Dr. George Pantelakos and Investigator Ann E. Birch.

Dr. Pantelakos examined the victim and found evidence of external inflammation in her vaginal area. Dr. Pantelakos testified that he could not be certain as to the cause of the inflammation, but he testified that the inflammation was consistent with the victim's account of the abuse. Investigator Ann Birch also interviewed the victim. The victim first gave Investigator Birch her account of the abuse, and Investigator Birch then used diagrams that allowed the victim to identify relevant anatomical parts. Ms. Birch's testimony fully corroborated the victim's testimony.

Defendant testified to knowing the victim, but denied ever assaulting her in any way. Prior to trial, defendant filed a motion and affidavit seeking an *in camera* hearing pursuant to Rule 412. Defendant sought to introduce evidence that the victim had been

assaulted in a similar manner some three years earlier. After briefly hearing arguments from counsel, Judge Robert L. Farmer denied defendant's motion.

Subsequently, during closing arguments, the prosecuting attorney argued in essence that the victim could not have fabricated her story because she would have had no other way of knowing about sexual matters had the defendant not assaulted her. Defendant objected to the prosecution's argument and moved for mistrial. Defendant asserted that he was being unfairly prejudiced by the prosecution's argument because the evidence of prior sexual abuse of the victim had been excluded. The court overruled defendant's objection and denied defendant's motion.

Defendant appeals.

*Attorney General Michael F. Easley, by Special Deputy Attorney General Diane G. Miller, for the State.*

*Jonathan E. Broun for defendant-appellant.*

EAGLES, Judge.

I.

**[1]** Defendant first assigns as error the trial court's denial of defendant's motion to present evidence concerning alleged prior sexual abuse of the victim. Defendant sought to introduce evidence that the victim here had been similarly abused by her uncle when she was three years old, some three years before the alleged assault by defendant. The trial court denied defendant's motion after hearing argument that Rule 412 barred introduction of the evidence in question. G.S. 8C-1, Rule 412 (1983). Defendant contends that this was error because the evidence of prior abuse, if introduced, would show that the victim had prior knowledge of sexual matters and therefore had the ability to lie. We disagree.

Rule 412 prohibits the introduction of evidence concerning the "previous sexual activity of a complainant in a rape or sex offense case." *State v. McCarroll*, 336 N.C. 559, 563, 445 S.E.2d 18, 20 (1994). Any " 'sexual activity of the complainant other than the sexual act which is at issue in the indictment on trial . . .' " is deemed irrelevant unless an exception applies. *State v. Wright*, 98 N.C. App. 658, 661, 392 S.E.2d 125, 127 (1990) (quoting G.S. 8C-1, Rule 412(a) (1983)). We conclude that the prior abuse alleged here is "sexual activity" within

the ambit of Rule 412. *See State v. Ollis*, 318 N.C. 370, 374, 348 S.E.2d 777, 780 (1986).

Our determination that the prior abuse here is sexual activity does not end our inquiry, however, as Rule 412(b) lists four exceptions under which prior sexual activity may still be deemed relevant and therefore admissible. G.S. 8C-1, Rule 412(b) (1983). Moreover, our Supreme Court has "held that Rule 412 is not the sole gauge in determining if evidence is admissible . . ." in cases of sexual misconduct. *State v. Guthrie*, 110 N.C. App. 91, 93, 428 S.E.2d 853, 854 (citing *State v. Younger*, 306 N.C. 692, 698, 295 S.E.2d 453, 456 (1982)), *disc. review denied*, 333 N.C. 793, 431 S.E.2d 28 (1993). A victim's statements about prior specific sexual activity are sometimes admissible for impeachment purposes even though the statements do not fall within one of the Rule 412(b) exceptions. *Id.*

With regard to the exceptions contained in Rule 412(b), we conclude and defendant concedes that those exceptions to the general rule of inadmissibility are inapplicable here. Additionally, we conclude that neither *Younger*, nor its progeny, require admission of proffered evidence in this case. In *Younger*, the prosecutrix had made prior inconsistent statements to her attending physician concerning her recent sexual history. *Younger*, 306 N.C. at 695-97, 295 S.E.2d at 455-56. Reversing the exclusion of the prosecutrix's prior inconsistent statements, the Supreme Court concluded that "the statute was not designed to shield the prosecutrix from the effects of her own inconsistent statements which cast a grave doubt on the credibility of her story." *Id.* at 697, 295 S.E.2d at 456. Similarly, in *State v. Anthony*, 89 N.C. App. 93, 96, 365 S.E.2d 195, 197 (1988), this court recognized that prior accusations of abuse were inadmissible under Rule 412 unless there was evidence that the prior accusations were false. Where the prior accusations were false, the defendant has a fundamental right to cross-examine the witness on such "subject matter relevant to the witness' credibility." *State v. McCarroll*, 109 N.C. App. 574, 578, 428 S.E.2d 229, 231 (1993), *rev'd on other grounds*, 336 N.C. 559, 445 S.E.2d 18 (1994). In other words, where the probative value of the proffered evidence in challenging the witness' credibility is high, and the degree of prejudice present by virtue of reference to previous sexual activity is low, the proffered evidence is relevant and therefore defendant has a right to use the evidence for at least impeachment purposes. *Younger*, 306 N.C. at 697-99, 295 S.E.2d at 456-58.

Here, the proffered evidence fails this balancing test. Defendant here introduced no evidence that the victim's prior accusations were false. Defendant alleges no prior inconsistent statements. Moreover, defendant makes no allegation that the proffered evidence would be relevant to show that someone other than defendant committed the assault. *State v. Holden*, 106 N.C. App. 244, 247-48, 416 S.E.2d 415, 417-18, *disc. review denied*, 332 N.C. 669, 424 S.E.2d 413 (1992). Consequently, we agree with the trial court that the proffered evidence here is irrelevant and therefore inadmissible for any purpose under Rule 412.

Defendant's only contention is that the proffered evidence is relevant to the witness' credibility merely because it would show that the witness had some of the requisite information that she would need to have in order to lie if she so desired. Defendant's contention is contrary to Rule 412 and unsupported by the law of this jurisdiction. To agree with defendant's contention would be to substantially restrict the effect of Rule 412, and allow admission of a wide variety of previous sexual activities over Rule 412 objection. A defendant could argue in a similar manner for admission of evidence concerning almost any prior sexual abuse. Accordingly, we conclude that, absent some "opening of the door," evidence of prior abuse such as we have here is inadmissible under Rule 412. We find no error, constitutional or otherwise, in the trial court's decision, standing alone, to deny defendant's motion to present evidence concerning alleged prior sexual abuse of the victim.

II.

[2] Defendant next challenges the trial court's denial of defendant's motion for mistrial made during the prosecution's closing argument. Defendant's assignment of error here stems from the following relevant portion of the prosecutor's closing argument made over defendant's objection:

And what do you say to the folks who say children fantasize? Your common sense tells you what we fantasize about. We fantasize about things that are in our realm of knowledge, don't we? For example, we fantasize about what we would do if we won the lottery; and what we would do with all that money. We fantasize about what we would do if we had long vacations, and where we would go. And these are all things within what? Our realm of knowledge.

Do we fantasize about things that are not—that are out of our realm of knowledge? No. Because we don't have a basis for fantasy. What do children fantasize about? An elephant that has wings and can maybe fly? A child knows what an elephant is.

. . . .

And I ask you to keep in mind what I was just talking to you about. I said what does your common sense tell you? What do you observe in your everyday life about children's fantasies? They fantasize about people. They fantasize about animals. But they fantasize in what way? They'll have an elephant having the ability to fly. They will have a situation where you'll have a magic wand to change a frog into a prince. The story-type things that you see, the fantasy things. Fantasize—they don't know to fantasize. It's not in their realm of knowledge, is it, to fantasize about masturbation? About these sorts of things to someone else. Massaging his front . . . that's her best description of it to you. That's how she understands it, in her child-like way, massaging his front. Touching his front.

You remember the part where she said he asked her how many hairs her mother had on her front? It's not in a child's realm, is it? Think about your life experiences. Think about what you know from the children that you know. Think about that. Think about all the things she said. And think about how she told you things.

Did she describe things in a child's innocent six-year-old way? His penis felt like wet chicken skin to her. She even told the investigator that. She said in her words, "He had a drop of pee on his front thing." And again, is that the sort of thing a child knows without seeing it?

. . . .

Does she have any basis? Do you know of any children? Think about what children fantasize about.

Defendant here made three separate objections during this portion of the prosecutor's closing argument. All of these objections by defendant were overruled and defendant's accompanying motion for mistrial was denied. Moreover, having overruled defendant's objections, the trial court gave no curative instruction to the jury so as to avoid prejudice.

STATE v. BASS

[121 N.C. App. 306 (1996)]

Defendant assigns as error the trial court's failure to sustain his objections and its refusal to grant his motion for mistrial. Defendant argues that, since all evidence of prior abuse was excluded, these arguments by the prosecutor were so prejudicial to defendant that a new trial is necessary. We agree, and accordingly are compelled to remand for a new trial.

"Trial counsel are allowed wide latitude in jury arguments." *State v. Green,* 336 N.C. 142, 186, 443 S.E.2d 14, 39-40, *cert. denied,* —— U.S. ——, 130 L. Ed. 2d. 547 (1994). Counsel, however, are not allowed to advance arguments "calculated to mislead or prejudice the jury." *State v. Riddle,* 311 N.C. 734, 738, 319 S.E.2d 250, 253 (1984). "[A]n attorney may not make arguments based on matters outside the record but may, based on 'his analysis of the evidence, argue any position or conclusion with respect to a matter in issue.' " *State v. Wilson,* 335 N.C. 220, 224, 436 S.E.2d 831, 834 (1993) (quoting G.S. 15A-1230 (1988)). Whether an attorney's closing argument extends beyond the latitude allowed is a "matter ordinarily left to the sound discretion of the trial court." *State v. Anderson,* 322 N.C. 22, 37, 366 S.E.2d 459, 468, *cert denied.,* 488 U.S. 975, 102 L. Ed. 2d 548 (1988). We review the trial court's rulings for abuse of discretion. *State v. Bonney,* 329 N.C. 61, 73, 405 S.E.2d 145, 152 (1991).

Here, we conclude that the trial court abused its discretion in overruling defendant's objections and denying defendant's motion for mistrial. We conclude that the prosecutor's argument was "calculated to mislead or prejudice the jury." *Riddle,* 311 N.C. at 738, 319 S.E.2d at 253. The prosecutor here was aware that defendant had offered proof of the victim's prior abuse by an uncle. Defendant's Rule 412 motion had attached to it an affidavit by defendant's attorney stating that the victim could testify that her uncle "used to do the same things to her that the defendant had done the previous day." The State's own file contained evidence that the victim had been previously abused. Moreover, arguing against defendant's pretrial motion, the prosecutor acknowledged evidence of prior abuse of the victim. The prosecutor did not argue that the prior abuse did not occur; instead, the prosecutor argued against admission of that evidence because there was no indication that the allegations of prior abuse were false.

While the trial court here did not err in excluding the evidence of prior abuse of the victim, the trial court did err and abuse its discretion in allowing the prosecutor to use this absence of evidence of the victim's prior abuse to mislead the jury. That a six-year-old child

would know nothing of sexual activity but for defendant's alleged abuse can be fairly implied. The jury could draw such an inference from the evidence before it in this case. Nevertheless, the prosecutor may not properly argue to the jury that the inference would be correct where the prosecutor is aware that the contrary is true. We conclude that the error here is prejudicial.

New trial.

Judges WYNN and SMITH concur.