STATE OF NORTH CAROLINA v. DANIEL M. TROGDEN

No. COA98-1122

(Filed 21 September 1999)

**1. Appeal and Error— supplemental brief—not timely**

A supplemental brief was not considered where it was filed more than nine months after the printed record was mailed and defendant did not timely seek an extension of time.

**2. Evidence— prior sexual behavior of victim—child's sexual acts**

The trial court did not err in a prosecution for indecent liberties, first-degree statutory sexual offense, and sexual activity by a custodian by excluding testimony relating an instance of sexual behavior by the victim. Rule 412 prohibits introduction of evidence of a complainants's sexual behavior during prosecution of a rape or sexual offense unless such evidence is relevant; moreover, any error was harmless because other children testified to sexual abuse by defendant and there was other evidence establishing that the victim had prior knowledge of sexual matters and the ability to fabric allegations.

**3. Witnesses— cross-examination—no prosecutorial misconduct**

The State's cross-examination of defendant's father in a prosecution for indecent liberties, first-degree statutory sexual offense, and sexual activity by a custodian did not constitute prosecutorial misconduct where the prosecutor's statements did not rise to the levels of insult, degradation or pervasive badgering held to constitute prosecutorial misconduct in *State v. Sanderson*, 336 N.C. 1.

**4. Witnesses— cross-examination—defendant conferring with attorney—no prosecutorial misconduct**

There was no prejudicial error in a prosecution for indecent liberties, first-degree statutory sexual offense, and sexual activity by a custodian in the State's cross-examination of defendant concerning whether defendant's family had gone over information with their lawyers. The State's cross-examination did not suggest that defendant improperly discussed the case with counsel or family members.

**5. Criminal Law— *Anders* appeal—inappropriate**

An *Anders* appeal was inappropriate where defendant argued four assignments of error, indicating a belief that the appeal was not wholly without merit.

Appeal by defendant from judgment entered 10 October 1997 by Judge Carl L. Tilghman in Wayne County Superior Court. Heard in the Court of Appeals 18 August 1999.

STATE v. TROGDEN

[135 N.C. App. 85 (1999)]

*Attorney General Michael F. Easley, by Assistant Attorney General Celia Grasty Lata, for the State.*

*Adrian M. Lapas for defendant-appellant.*

LEWIS, Judge.

Following indictment by a grand jury on twenty-seven counts, defendant was convicted on eight counts of taking indecent liberties with a child, four counts of first degree statutory sex offense, and two counts of sexual activity by a custodian in Wayne County Superior Court. We find ample evidence to support the findings of guilt by the jury on all charges. Defendant appeals, making three arguments.

[1] At the outset we note that defendant attempted to file a supplemental brief more than nine months after the printed record on appeal was mailed, significantly in excess of the thirty days allowed by Rule 13(a) of the Rules of Appellate Procedure for filing an appellant's brief. Defendant did not timely seek an extension of time to file his brief and because this Court and the appellant are bound by the Rules of Appellate Procedure, *Steingress v. Steingress*, 350 N.C. 64, 65, 511 S.E.2d 298, 299 (1999), the supplemental brief will not be considered.

[2] Defendant's first argument on appeal is that the trial court's exclusion of evidence concerning alleged prior sexual behavior of the victim was reversible error. Defendant sought to introduce evidence by "T", a nine-year-old child, that six weeks prior to being placed in the Trogden home, T saw "M", the victim in this case, performing fellatio on T's younger brother and forcing the child to reciprocate the act. The trial court denied defendant's motion after hearing argument that Rule 412 barred introduction of the evidence in question. N.C. Gen. Stat. § 8C-1, N.C.R. Evid. 412 (1992).

Rule 412 prohibits introduction of evidence of the complainant's sexual behavior during prosecution of a rape or sex offense unless such evidence is relevant. Sexual behavior is defined by Rule 412(a) as "sexual activity of the complainant other than the sexual act which is at issue in the indictment on trial." The excluded testimony illustrates an instance of sexual behavior between M and another child, which was not the sexual act at issue in the indictment on trial.

Relevant evidence is defined in Rule 412(b) as any evidence of sexual behavior which:

(1) Was between the complainant and the defendant; or

(2) Is evidence of specific instances of sexual behavior offered for the purpose of showing that the act or acts charged were not committed by the defendant; or

(3) Is evidence of a pattern of sexual behavior so distinctive and so closely resembling the defendant's version of the alleged encounter with the complainant as to tend to prove that such complainant consented to the act or acts charged or behaved in such a manner as to lead the defendant reasonably to believe that the complainant consented; or

(4) Is evidence of sexual behavior offered as the basis of expert psychological or psychiatric opinion that the complainant fantasized or invented the act or acts charged.

Without a determination by the court that the sexual behavior is relevant under Rule 412(b), no such evidence may be introduced in any trial of a charge of rape or a sex offense. *Id.* § 412(d).

Defendant sought to admit T's statements referencing M's past sexual behavior under Rule 412(b)(2) at trial. This is not the type of evidence offered for the purpose of showing that the acts charged were not committed by defendant under Rule 412(b)(2). *State v. Bass*, 121 N.C. App. 306, 310, 465 S.E.2d 334, 336 (1996). As the trial court noted, since M testified at trial that defendant showed him how to perform sexual acts, defense counsel was not prohibited from cross-examining M concerning the way in which he learned to do such acts, so long as the cross-examination did not refer to specific acts.

Defendant also argues that beyond the four categories of elevance listed under Rule 412, evidence of M's prior sexual behavior was relevant to show that M had prior knowledge of sexual matters and therefore had the ability to fabricate testimony regarding abuse by the defendant. This Court addressed a similar argument in *Bass*.

In *Bass*, the trial court excluded statements by a child victim indicating that she had been similarly abused by her uncle three years earlier. *Id.* at 308-09, 465 S.E.2d at 335-36. On appeal, defendant argued that the evidence was relevant to show that the child had requisite knowledge to fabricate testimony about her abuse by defendant. This Court stated in *Bass*:

STATE v. TROGDEN

[135 N.C. App. 85 (1999)]

Defendant's contention is contrary to Rule 412 and unsupported by the law of this jurisdiction. To agree with defendant's contention would be to substantially restrict the effect of Rule 412, and allow admission of a wide variety of previous sexual activities over Rule 412 objection.

*Id.* at 311, 465 S.E.2d at 337. Accordingly, we conclude that M's testimony is not relevant and therefore inadmissible.

Even if it was error to exclude this evidence, it was harmless. It is not sufficient for the defendant to merely allege error. He must show that absent the trial court's allegedly erroneous exclusion of evidence, a different result would have obtained. *Lawing v. Lawing*, 81 N.C. App. 159, 162, 344 S.E.2d 100, 104 (1986) (citing N.C. Gen. Stat. § 1A-1, N.C.R. Civ. P. 61).

The State's evidence tended to show that M and seven other children testified as to some experience of sexual abuse by defendant; the testimony of eight adult witnesses corroborated the children's evidence. Defendant conceded at trial that there was substantial evidence as to every element of each crime charged. Furthermore, the jury heard testimony from defendant and from a social worker that M was sexually molested in earlier years by a babysitter. The evidence of M's prior sexual behavior was not necessary to establish that M had prior knowledge of sexual matters and hence the ability to fabricate allegations against defendant. We therefore find that a determination by the trial court to admit evidence of M's past sexual behavior would not have produced a different outcome and there was no reversible error.

**[3]** Defendant also argues that two aspects of the State's cross-examination constituted prosecutorial misconduct. The defendant first labels as prejudicial the following dialogue between the prosecutor and defendant's father:

Q. How did you feel about [M]? Did you love him?

A. Yes, ma'am.

Q. But you're willing to destroy him in order to save your son, aren't you? [Objection; overruled]

A. [Witness does not answer]

Q. You can go in and you can tell this jury that you saw him humping a dog, . . . you do not care about [M], you can trash him to save your son? [Objection; overruled]

Q. I'll withdraw that. That's all. [Defense counsel asks to strike; denied]

T. at 1120-21. Defendant principally relies on *State v. Sanderson*, 336 N.C. 1, 442 S.E.2d 33 (1994), to argue that the prosecutor degraded and brought the witness into ridicule or contempt. We disagree.

In *Sanderson* the court found that during the cross-examination of an expert witness, the prosecutor "insulted her, degraded her, and attempted to distort her testimony," *id.* at 11, 442 S.E.2d at 40, and "maligned, continually interrupted and bullied" her, *id.* at 15, 442 S.E.2d at 41. The prosecutor in *Sanderson* attempted to distort the expert's testimony by "insist[ing] on yes or no answers to compound, convoluted questions, then cut[ting] her off before she could explain." *Id.* at 13, 442 S.E.2d at 40.

The prosecutor's statements in this case did not resemble those statements of the prosecutor in *Sanderson*, and did not rise to the levels of insult, degradation or pervasive badgering held to constitute prosecutorial misconduct in *Sanderson*. The cross-examination focused on the witness' credibility, given that he is the defendant's father. This assignment of error is dismissed.

[4] Defendant also complains that the trial court allowed the prosecutor to improperly question defendant during cross-examination. The allegedly improper questioning is as follows:

Q. Now, Mr. Trogden, you used some notes before lunch to testify by. Could I see your notes, please?

A. Sure.

Q. Now, let me see. Your mother used notes when she testified too; is that correct?

A. To dates.

Q. Yeah. And how about your father? Did he use notes when he testified?

A. I don't believe so.

Q. Who all did you go over this information with?

A. I did that last night myself.

Q. Okay. You didn't go over this with your lawyers; is that what you're telling us?

A. I said [I] was in my cell when I did it.

Q. Well, did you go over the information—[Objection; overruled]

Q. You did not go over this information with your lawyers?

A. That's correct . . .

Q. Okay. Have you gotten together with your lawyers and your family back there to talk about what everybody was going to say?

A. No. We had talked about all the plea bargains you had to offer.

T. at 1224-26. Defendant contends that the prosecutor's questions seriously undermined defendant's credibility and "denigrate[d] in front of the jury that right to fully discuss and prepare defendant's case." We disagree.

The State's cross-examination did not suggest that defendant improperly discussed his case with counsel or family members to prepare for trial. We note that the scope of cross-examination is a matter within the sound discretion of the trial judge, *State v. Bronson*, 333 N.C. 67, 79, 423 S.E.2d 772, 779 (1992), and conclude the court committed no prejudicial error in allowing this cross-examination. N.C. Gen. Stat. § 15A-1443(a) (1997). This assignment of error is dismissed.

[5] The defendant next asks us to review the record pursuant to *Anders v. California*, 386 U.S. 738, 18 L. Ed. 2d 493, *reh'g denied*, 388 U.S. 924, 18 L. Ed. 2d 1377 (1967), to determine whether any error occurred which would require a new trial. Generally, an appellant's attorney should ask this Court to search the record for error pursuant to *Anders* "only where counsel believes the *whole appeal* is without merit." *State v. Wynne*, 329 N.C. 507, 522, 406 S.E.2d 812, 820 (1991) (emphasis added). Counsel for defendant, however, has argued four assignments of error, indicating his belief that defendant's appeal is not wholly without merit. An *Anders* review is inappropriate in this case. Otherwise, counsel could make assignments of error and perfunctorily tack on a request for an *Anders* review.

ALLSTATE INS. CO. v. CHATTERTON

[135 N.C. App. 92 (1999)]

No error.

Judges MARTIN and HUNTER concur.