IN THE SUPREME COURT OF NORTH CAROLINA

No. 34PA22

Filed 23 May 2024

STATE OF NORTH CAROLINA

v.

MACK WASHINGTON

On discretionary review pursuant to N.C.G.S. § 7A-31 from the unpublished decision of a unanimous panel of the Court of Appeals, No. COA20-448 (N.C. Ct. App. Dec. 21, 2021), affirming a judgment entered on 11 October 2019 by Judge Andrew T. Heath in Superior Court, Wake County. Heard in the Supreme Court on 16 April 2024.

*Joshua H. Stein, Attorney General, by Kristin J. Uicker, Special Deputy Attorney General, for the State-appellee.*

*Glenn Gerding, Appellate Defender, by Daniel K. Shatz, Assistant Appellate Defender, for defendant-appellant.*

NEWBY, Chief Justice.

In this case we determine whether evidence of previous instances of sexual abuse, or nonconsensual sex, constitutes "sexual behavior" under Rule 412 of the North Carolina Rules of Evidence and should therefore be excluded. Under the rule, the term "sexual behavior" is defined as "sexual activity of the complainant other than the sexual act which is at issue in the indictment on trial." N.C.G.S. § 8C-1, Rule 412(a) (2023). While sexual activity is not defined in Rule 412 and has not previously

been defined by this Court, the language of Rule 412 is clear and unambiguous and necessarily includes evidence of actions of the complainant having to do with or involving sex other than the sexual act at issue in the indictment on trial. The rule does not distinguish between consensual and nonconsensual sexual activity. Because the evidence here falls squarely within this definition of sexual activity, we give effect to Rule 412's plain language excluding the evidence of prior sexual abuse and affirm the decision of the Court of Appeals.

On 22 October 2018, N.M., who was twelve years old at the time, told her mother that defendant, her stepfather, sexually abused her on several occasions while her mother worked in the evenings. N.M. detailed a variety of sex acts defendant performed with her against her will in their home. N.M. corroborated her claims by identifying defendant's distinct skin disease located on his genitalia. Her mother then took N.M. to the police station. Over the course of the next several weeks, N.M. discussed defendant's acts of sexual abuse with several individuals, including medical professionals, law enforcement, and a SAFEChild social worker, Tiffany Hampton.

During a recorded conversation between N.M. and Hampton, Hampton asked N.M. whether "anyone other than [defendant] ever did something like this to [her] before." N.M. responded affirmatively, describing the additional abuser as a fifteen-year-old teenager. N.M. largely refused to answer questions about the additional abuser, fearful that this person "might do something crazy" and that others

might believe she welcomed this behavior. Hampton asked several additional questions about the fifteen-year-old to no avail.

On 10 December 2018, defendant was indicted on two counts of sexual offense with a child by an adult and six counts of indecent liberties with a child. Defendant pled not guilty. Although Rule 412 generally bars evidence of prior "sexual behavior," defendant moved in limine to admit the portion of N.M.'s SAFEChild interview in which she discussed the additional abuser. *See* N.C.G.S. § 8C-1, Rule 412(a), (b) (2023) (excluding evidence of the sexual behavior of a complainant "other than the sexual act which is at issue" in a sex offense case as generally irrelevant and therefore inadmissible). Specifically, defendant argued, *inter alia*, that the interview did not fall under Rule 412's definition of "sexual behavior" because it did not discuss "any specific sex acts."[1] The trial court denied the motion and excluded the evidence under Rules 401, 402, and 412 of the North Carolina Rules of Evidence.

Prior to closing arguments, the trial court granted defendant's motion to dismiss one of the two counts of sexual offense with a child by an adult. Defendant was found guilty of all remaining charges and sentenced to 332 to 478 months imprisonment. Defendant appealed.

---

[1] Defendant raised several additional arguments at the trial court regarding the admissibility of the interview. He contended that the interview fell within an exception to Rule 412, and he also sought to admit the interview as evidence of an explanation for N.M.'s psychological trauma and self-harm. The trial court, however, denied defendant's requests to admit the interview on these grounds, and defendant does not raise those arguments on appeal to this Court.

On appeal, defendant argued, in relevant part, that the trial court prejudicially erred in excluding the SAFEChild interview "because sexual abuse does not fall within the definition of 'sexual behavior' " under Rule 412. *State v. Washington*, No. COA20-448, slip op. at 9 (N.C. Ct. App. Dec. 21, 2021) (unpublished). Specifically, defendant argued that Rule 412 only bars evidence of consensual sexual activity but allows admission of prior nonconsensual sexual activity. *Id.* The Court of Appeals disagreed and held that "[t]he plain language of Rule 412 . . . does not speak to a consensual requirement." *Id.* at 11. Thus, it held that the trial court did not err in excluding the interview because evidence of sexual abuse by an abuser other than defendant is exactly the sort of evidence Rule 412 was designed to exclude.[2] *Id.*

On 25 January 2022, defendant filed a petition for discretionary review with this Court seeking review of the Court of Appeals' decision. This Court allowed defendant's petition on 4 November 2022.

Here we consider whether the trial court erred in excluding the SAFEChild interview pursuant to Rule 412. As he did at the Court of Appeals, defendant argues that Rule 412 does not exclude the evidence of N.M.'s prior sexual abuse because the language of the rule only bars evidence of prior consensual sex but allows admission of prior nonconsensual sex. Accordingly, we must determine whether evidence of

---

[2] The Court of Appeals further held that the evidence did not fall into the alternate suspect exception under Rule 412(b)(2). *Id.* at 13. *See generally* N.C.G.S. § 8C-1, Rule 412(b)(2) (2023). Defendant did not raise this issue in his petition to this Court; therefore, we do not consider that issue here. The only issue before this Court is the scope of "sexual activity" in Rule 412.

nonconsensual sex acts constitutes sexual behavior under Rule 412. Conclusions of law, such as issues of statutory interpretation, are reviewed de novo by this Court. *State v. Biber*, 365 N.C. 162, 168, 712 S.E.2d 874, 878 (2011).

"When the language of a statute is clear and without ambiguity, it is the duty of this Court to give effect to the plain meaning of the statute, and judicial construction of legislative intent is not required." *In re R.L.C.*, 361 N.C. 287, 292, 643 S.E.2d 920, 923 (2007) (quoting *Diaz v. Div. of Soc. Servs.*, 360 N.C. 384, 387, 628 S.E.2d 1, 3 (2006)).

Relevant evidence is defined as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." N.C.G.S. § 8C-1, Rule 401 (2023). All relevant evidence is admissible unless "otherwise provided by the Constitution of the United States, by the Constitution of North Carolina, by Act of Congress, by Act of the General Assembly, or by [the Rules of Evidence]." N.C.G.S. § 8C-1, Rule 402 (2023). Irrelevant evidence is inadmissible. *Id.* Rule 412 of the North Carolina Rules of Evidence, commonly known as the rape shield statute, states that "[n]otwithstanding any other provision of law, the sexual behavior of the complainant is irrelevant to any issue in the prosecution" and is therefore inadmissible unless the behavior falls within one of the statutorily provided exceptions. N.C.G.S. § 8C-1, Rule 412(b). Rule 412 defines "sexual behavior" as "sexual activity of the complainant other than the sexual act which is at issue in the indictment on trial." N.C.G.S. § 8C-1, Rule

412(a). Sexual activity, however, is not defined in Rule 412 or elsewhere in the North Carolina Rules of Evidence. *See id.* Thus, we now look to whether the plain meaning of sexual activity is clear and unambiguous.

"Activity" is defined by Webster's Dictionary as "the quality or state of being active; action." *Activity, Webster's New World College Dictionary* (5th ed. 2014). The same defines "sexual" as "of, characteristic of, or involving sex." *Sexual, Webster's New World College Dictionary* (5th ed. 2014). Taken together, sexual activity refers to actions characteristic of or involving sex and does not distinguish between consensual and nonconsensual sex.

Similarly, looking to the full definition of "sexual behavior" in Rule 412(b), it is plain that, contrary to what defendant argues, the definition does not differentiate between consensual and nonconsensual sex acts, nor does it tend to exclude nonconsensual sex. Rather, the language of Rule 412(a) distinguishes between the sexual act at issue and *all* other sexual activity: "the term 'sexual behavior' means sexual activity of the complainant *other than the sexual act which is at issue in the indictment on trial*." N.C.G.S. § 8C-1, Rule 412(a) (emphasis added). Thus, the plain language of Rule 412 is clear and unambiguous.[3]

---

[3] In *State v. Bass*, the Court of Appeals considered a nearly identical issue: whether evidence of a minor victim's previous sexual abuse by someone other than the defendant was properly excluded under Rule 412. 121 N.C. App. 306, 309, 465 S.E.2d 334, 336 (1996). In a single sentence, the Court of Appeals held that such prior abuse fell within the definition of sexual behavior under Rule 412 and was properly excluded. *Id.* at 309–10, 465 S.E.2d at 336. The efficiency with which the Court of Appeals decided the question in that case speaks to the clarity of the language at issue here.

Given this plain meaning, the trial court did not err in excluding N.M.'s SAFEchild interview. The interview consisted of N.M.'s statement that someone other than defendant committed similar sexual abuse against her in the past. These statements are not related to the acts complained of in the present case and thus, fall squarely within the type of evidence that Rule 412 is specifically designed to exclude. *See State v. Fortney*, 301 N.C. 31, 44–45, 269 S.E.2d 110, 117 (1980) (holding that evidence of sexual behavior that is not probative of the victim's consent to the acts complained of "is precisely the kind of evidence the [rape shield] statute was designed to keep out because it is irrelevant and tends to prejudice the jury"). Accordingly, N.M.'s statements about the additional abuser in the SAFEChild interview were properly excluded as evidence of sexual behavior.

In sum, the language of Rule 412 is clear that, generally, *all* evidence of a complainant's sexual behavior, other than the sexual act at issue, is irrelevant regardless of whether that sexual behavior was consensual or nonconsensual. N.M.'s statements about the additional abuser in her SAFEChild interview constitute evidence of sexual behavior "other than the sexual act" committed by defendant in this case. N.C.G.S. § 8C-1, Rule 412(a). Therefore, that evidence is irrelevant, and the trial court properly excluded it. Accordingly, the decision of the Court of Appeals is affirmed.

AFFIRMED.