STATE OF NORTH CAROLINA v. PETER JUSTIN PALLAS

No. COA00-497

(Filed 19 June 2001)

**1. Constitutional Law— due process—no knowing use of false testimony**

The State did not knowingly use false testimony in violation of defendant's trial for murder, kidnapping and armed robbery by its use of a codefendant's testimony that three shots were fired at the victim rather than four as shown by the autopsy, although the State had argued in a second codefendant's trial that the codefendant—witness had not testified truthfully in that trial, since the exact number of shots fired and the identity of the person firing a fourth shot was immaterial and the inconsistencies were for the jury to resolve. Even if the codefendant's testimony was erroneously admitted, the error was not prejudicial because other witnesses also linked defendant to the robbery, kidnapping and murder of the victim.

**2. Constitutional Law— right to present defense—attorneys from codefendant's trial—not permitted to testify**

The trial court did not violate a defendant's right to present his defense to charges of first-degree murder, first-degree kidnapping, and armed robbery where the court prohibited testimony from the prosecutor and defense attorney in the earlier trial of a codefendant and did not enforce a subpoena for another codefendant. The closing argument of the prosecutor in the prior trial about inferences to be drawn from a codefendant's testimony in that trial is not the equivalent of the State knowingly presenting false testimony in this trial, the tendered testimony of the defense attorney would have been cumulative, and defendant failed to make an offer of proof as to the testimony of the missing codefendant.

**3. Constitutional Law— right to confront witnesses—cross-examination limited**

The trial court did not unconstitutionally limit cross-examination by defendant in a prosecution for first-degree murder, first-degree kidnapping, and armed robbery. The right to confront and cross-examine is not absolute and may bow to accommodate other legitimate interests in the criminal trial

process; the court may exclude evidence that is irrelevant, non-probative, speculative, not within a witness's personal knowledge, or that includes legal conclusions from a lay witness.

**4. Criminal Law— hung jury—insufficient time for deliberation—mistrial denied**

The trial court did not abuse its discretion by denying defendant's motions for a mistrial when informed that the jury could not reach a unanimous verdict where the court correctly found that there had not been sufficient deliberation by the jury in the first instance and that there was insufficient evidence that the jury was hung in the second.

**5. Homicide; Kidnapping; Robbery— evidence sufficient**

The trial court did not err in a prosecution for first-degree murder, first-degree kidnapping, and armed robbery by denying defendant's motions for nonsuit where the State presented sufficient evidence.

Appeal by defendant from judgment entered 2 September 1999 by Judge W. Allen Cobb, Jr. in Superior Court, New Hanover County. Heard in the Court of Appeals 18 April 2001.

*Roy A. Cooper, Attorney General, by Joyce S. Rutledge, Assistant Attorney General, for the State.*

*Geoffrey W. Hosford for defendant-appellant.*

WYNN, Judge.

In August 1999, defendant was tried and convicted for first-degree murder, first-degree kidnapping, and robbery with a dangerous weapon.

The State's evidence tended to show that three teenagers— defendant (16), Keith Wiley (19), and Alicia Doster (16) successfully planned the murder of Richie Futrelle (17). This tragedy was heightened by the additional revelation that the killing stemmed from a disputed cocaine debt of around $25.00.

It began when the three invited Futrelle to an abandoned house that they shared. When Futrelle arrived at the house, he helped John Mullins fix his car. After Mullins left, defendant and Wiley hit and kicked Futrelle; they hog-tied his hands and feet with pre-cut cable, and took his wallet. Then, they carried Futrelle to his father's car;

STATE v. PALLAS

[144 N.C. App. 277 (2001)]

placed him in the trunk; drove the car to a deserted area, and removed him from the trunk.

Somehow Futrelle untied the cable from his hands in the trunk; but, the three again tied him up and Doster gagged him with a bandana. Then they walked Futrelle down to a ditch where they laid him on his back. Again, Futrelle freed himself from the cable. When Futrelle started running, Wiley shot him in either the arm or leg with a sawed-off 12-gauge shotgun; Futrelle screamed. Wiley handed the shotgun to defendant, who shot Futrelle in his back or arm and in the back of his neck.

The medical evidence confirmed a gaping gunshot wound to Futrelle's right arm, a large gaping wound to the center of his back at the shoulder blade, a large wound to the left of his buttocks, and a wound at his left groin caused his death. The wound in Futrelle's chest damaged his right lung, lacerated a blood vessel under his heart and filled his chest cavity with blood. The shotgun blast to his back fatally destroyed his spinal column. The buttocks' wound fatally ruptured his kidney and liver.

Following additional evidence and the resulting jury convictions, the trial judge sentenced defendant to life imprisonment without parole. He appeals to this Court.

---

The issues on appeal are whether the trial court erred in: (I) denying defendant's motion to exclude testimony of Alicia Doster; (II) prohibiting defendant from introducing evidence in support of his motion to exclude the testimony of Alicia Doster; (III) excluding the testimony of defense witnesses and preventing defendant from compelling attendance of a witness; (IV) denying defendant's motion for mistrial; (V) and denying defendant's motion for a nonsuit at the close of State's evidence and again at the close of all of the evidence. For the reasons stated below, we conclude that defendant received a fair trial, free from prejudicial error.

[1] First, defendant argues that the trial court violated his constitutional right to due process of law by allowing the State to introduce the alleged untruthful testimony of Doster. We disagree.

"The law is clear that a prosecutor's presentation of known false evidence, allowed to go uncorrected, is a violation of a defendant's right to due process." *State v. Joyce,* 104 N.C. App. 558, 565, 410 S.E.2d 516, 520 (1991). However, "[i]nconsistencies and contradic-

tions in the State's evidence are a matter for the jury to consider and resolve." *State v. Edwards*, 89 N.C. App. 529, 531, 366 S.E.2d 520, 522 (1988), *rev. denied*, 331 N.C. 120, 414 S.E.2d 764 (1992). Where the evidence is found to be "inconsistent or contradictory, rather than a knowing falsehood, such contradictions in the State's evidence are for the jury to consider and resolve." *State v. Clark*, 138 N.C. App. 392, 397, 531 S.E.2d 482, 486 (2000).

In this case, defendant moved to exclude Doster's testimony, asserting that the State knew that she gave false testimony. He states that in the May 1999 trial of co-defendant Wiley, the prosecutor in that case argued that Doster had not testified truthfully. He contends that the State is bound by that argument in this case; however, the State responds that "there was no untruthful testimony on the part of Miss Doster as it relates to whether or not this defendant . . . did, in fact shoot" Futrelle.

In the subject case, we find that there is no reasonable likelihood that Doster's memory that three shots had been fired, instead of four shots as confirmed by the autopsy report, affected the jury's judgment in convicting defendant of felony murder, kidnapping and armed robbery. The exact number of shots fired or the actual identity of the person firing a fourth shot was not material and the inconsistencies were for the jury to resolve.

Even assuming, for the sake of argument, that Foster's statement was erroneously admitted, the error was not prejudicial. "Where improperly admitted evidence merely corroborates testimony from other witnesses, we have found the error harmless." *State v. Wynne*, 329 N.C. 507, 519, 406 S.E.2d 812, 818 (1991). In this case, Doster was not the only witness linking defendant to armed robbery, kidnapping and murder of Futrelle. Futrelle's mother testified that her son told her he was going to defendant's house on the day of the murder; and she never saw her son alive again. John Mullins who had been at the place where defendant, Wiley and Doster planned and carried out the robbery and kidnapping, saw Futrelle arrive that afternoon; and he learned that defendant and Wiley committed the murders. Mullins also observed that defendant was in possession of Futrelle's keys. Brian Jacobs testified that he saw defendant and Wiley drive Futrelle's car to the back of a trail and shortly thereafter, he saw the two men walk out of the woods. Further, defendant was connected to numerous items from the crime scene and on his person at the time of arrest. Overwhelming evidence of a defendant's guilt may render a

STATE v. PALLAS

[144 N.C. App. 277 (2001)]

constitutional error harmless. *See State v. Autry*, 321 N.C. 392, 364 S.E.2d 341 (1988). Under the record on appeal in this case, we find sufficient evidence connecting defendant to the robbery, kidnapping and felony murder of Futrelle; and thus, the admission of Doster's testimony regarding the firing of three shots if error was harmless. *See State v. Soyars*, 332 N.C. 47, 59, 418 S.E.2d 480, 487 (1992).

[2] In his second argument, defendant contends the trial court violated his constitutional right to present his defense to the charges, when it prohibited him from introducing evidence and refused to enforce the subpoena and the writ that he properly issued to his witnesses. We disagree.

"Due process requires that every defendant be allowed a reasonable time and opportunity to investigate and produce competent evidence, if he can, in defense of the crime with which he stands charged and to confront his accusers with other testimony." *State v. Baldwin*, 276 N.C. 690, 698, 174 S.E.2d 526, 531 (1970). "However, no set length of time for investigation, preparation and presentation is required, and whether defendant is denied due process must be determined upon the basis of the circumstances of each case." *State v. Harris*, 290 N.C. 681, 687, 228 S.E.2d 437, 440 (1976). "Due process does not include the right [to develop] immaterial evidence." *Baldwin*, 276 N.C. at 700, 173 S.E.2d at 533.

In this case, defendant subpoenaed, John Merrill, the assistant district attorney who made the closing argument in the earlier trial of co-defendant Wiley. The State moved to quash the subpoena because Merrill was an advocate in the murder trial of co-defendant Wiley, and worked with the State in preparation in this trial. The State argued that the evidence in this trial was substantially identical to that of the trial of the co-defendant, Wiley. The State also argued that any knowledge of Sherrill is privileged work product; and that defendant seeks to circumvent N.C. Gen. Stat. § 15A-Article 48, the discovery statutes, by use of subpoena.

The trial court may not "permit disclosure of the mental impressions, conclusions, opinions, or legal theories of an attorney or other representative of a party concerning the litigation in which the material is sought or work product of the attorney or attorneys of record in the particular action." N.C. Gen. Stat. § 1A-1, Rule 26(b)(3) 1999). Further, the trial court at all times has the discretion to exclude "needless presentation of cumulative evidence," even where the evidence is arguably relevant, and to "exercise reasonable control over

the mode and order of interrogating witnesses . . . so as to . . . avoid needless consumption of time." N.C. Gen. Stat. § 8C-1, Rules 403 and 611 (1999); *see also State v. Barton*, 335 N.C. 696, 441 S.E.2d 295 (1994).

In this case, the content of any possible testimony of Sherrill and its lack of materiality was addressed by the trial court. We find the prosecutor's mere opinion about possible inferences to be drawn from Doster's testimony concerning her witnessing only three shots, is not equivalent to the knowing presentation of false testimony that would reasonably affect the jury's judgments as to defendant's culpability for felony murder, kidnapping and armed robbery.

The trial court also prohibited defendant from introducing any evidence through the testimony of Bruce Mason, the attorney who represented co-defendant Doster. In a *voir dire* hearing, Mason testified he had not been present during every meeting between Doster and the detectives. He also stated in *voir dire* that the prosecutors discussed how the testimony would be conducted and the facts of the case with Doster. The State argued that Mason's testimony arguably raised attorney-client privilege issues and that the "the Court, as jury, has already heard evidence about the amount of time that Doster spent with detectives and with the District Attorney's office involving this case."

Nonetheless, defendant asserts that he did not have any questions for Mason that violated the lawyer-client privilege, but sought him as a witness to discuss what the detectives and the prosecutors said to Doster in their preparations for her testimony. According to the record, Doster testified at trial about those topics in considerable detail and defendant both cross-examined and recross-examined her. During the cross-examination, she admitted the differences in the various statements she gave to law enforcement officers; estimated the exact number of hours spent in meetings with police and prosecutors; and testified about her plea agreement with the State. Thus, the tendered testimony would have been cumulative. Moreover, even assuming, for the sake of argument, that similar testimony by Mason was relevant to any theory of the defendant's case, any error in not admitting that evidence was harmless. *See State v. Hightower*, 340 N.C. 735, 745, 459 S.E.2d 739, 745 (1995).

We also uphold the trial court's decision not to enforce the subpoena for Wiley's appearance because defendant failed at trial to make an offer of proof as to Wiley's proposed testimony.

**STATE v. PALLAS**

[144 N.C. App. 277 (2001)]

"Accordingly, defendant has failed to preserve this issue for appellate review under the standard set forth in N.C.G.S. § 8C-1, Rule 103(a)(2)." *State v. Braxton*, 352 N.C. 158, 184, 531 S.E.2d 428, 443 (2000), *cert. denied*, 121 S.Ct. 890, 148 L.Ed.2d 797 (2001). "[I]n order for a party to preserve for appellate review the exclusion of evidence, the significance of the excluded evidence must be made to appear in the record and a specific offer of proof is required unless the significance of the evidence is obvious from the record." *State v. Simpson*, 314 N.C. 359, 370, 334 S.E.2d 53, 60 (1985). "The reason for such a rule is that 'the essential content or substance of the witness' testimony must be shown before we can ascertain whether prejudicial error occurred.'" *State v. Barton*, 335 N.C. 741, 749, 441 S.E.2d 306, 310 (1994) (quoting *State v. Simpson*, 314 N.C. 359, 370, 334 S.E.2d 53, 60 (1985)). In the case at bar, defendant made no offer of proof regarding his proffered testimony and the significance of the excluded testimony is not obvious from the record. The defendant therefore failed to preserve any issue concerning the exclusion of this testimony for appellate review.

**[3]** In his third argument, defendant contends that the trial court violated his constitutional right to confront and cross-examine the witnesses against him. The defendant specifically argues that the trial court's limitation on his cross-examination of Doster and Mullins constituted reversible error, on the grounds that he was precluded from testing the credibility of these two State witnesses and such preclusion prejudicially influenced the jury's verdict.

"The Sixth Amendment of the Constitution, made applicable to state criminal proceedings by *Pointer v. Texas*, 380 U.S. 400, 85 S.Ct. 1065, 13 L.Ed.2d 923 (1965), guarantees the right of an accused in a criminal trial to be confronted with the witnesses against him." *State v. Fortney*, 301 N.C. 31, 36, 269 S.E.2d 110, 112-13 (1980). "But, the defendant's right to cross-examination is not absolute. The testimony which defendant sought to elicit must be relevant to some defense or relevant to impeach the witness." *State v. Guthrie*, 110 N.C. App. 91, 93, 428 S.E.2d 853, 854, *rev. denied*, 333 N.C. 793, 431 S.E.2d 28 (1993). "[T]he right to confront and to cross-examine is not absolute and may, in appropriate cases, bow to accommodate other legitimate interests in the criminal trial process." *State v. Fortney*, 301 N.C. at 36, 269 S.E.2d at 113. The trial court may exclude evidence that is irrelevant, non-probative, speculative, not within a witness' personal knowledge, and calling for legal conclusions from a lay witness. N.C. Gen. Stat. § 8C-1, Rules 401, 402, 602, 611(a), 611(b) and 701 (1999).

As to this assignment of error, defendant first argues that the trial court prevented him from questioning Doster concerning her plea agreement, memory loss, memory gain and pre-trial confinement. The trial court sustained the State's objection to this line of questioning. Significantly, these questions had already been answered by Doster in prior questioning. The defendant further argues that the trial court improperly prevented him from questioning Mullins about his involvement in the murder. However, the record on appeal shows that defendant questioned Mullins about whether he had been charged with anything; and Mullins twice answered that he had not been charged. We hold that defendant fails to make a showing that the verdict was improperly influenced by any of the trial court's curtailments of his cross-examination; accordingly, this assignment of error is overruled.

[4] Next, defendant contends that the trial court committed reversible error when it denied his motion for a mistrial after the jury informed the trial court that it is unable to reach unanimous verdict.

This Court has held that the decision to order a mistrial lies within the discretion of the trial judge. *See State v. Pakulski*, 319 N.C. 562, 568, 356 S.E.2d 319, 323 (1987). Such a ruling is reviewable only for gross abuse of discretion. *See State v. Darden*, 48 N.C. App. 128, 268 S.E.2d 225 (1980). A mistrial is generally granted where there have been improprieties in the trial of such a serious nature, that defendant cannot receive a fair and impartial verdict. *See State v. Davis*, 130 N.C. App. 675, 679, 505 S.E.2d 138, 140 (1998); *see also* N.C. Gen. Stat. § 15A-1061 (1996); *State v. Cagle*, 346 N.C. 497, 516, 488 S.E.2d 535, 548 (1997).

In this case, the jury left the courtroom at 2:42 p.m. to commence its deliberations. At approximately one hour and a half later, the bailiff made the judge aware that the jury had a question; that was discussed with counsel and then a record was made as follows:

THE COURT: All right. Let the record reflect that the jury knocked on the door, handed a note to the Bailiff and the Bailiff delivered the note to me. The note says, "If we are hung on Count No. 1 and if we find the defendant guilty of 2 or 3 or both, would he still get life with no chance of parole?"

I have spoken with counsel in Chambers and it is my intention to bring the jury back in and to inform them that they are not to be concerned with the punishment in this case, that their role

is to find the facts of the case as they find the facts to be, and that is their function in this case, and they are not to consider the punishment as to any crime. . . .

MR. HOSFORD: Your honor, at this time, without the jury present, I would make a motion for mistrial on Count I if the jury says they are hung.

THE COURT: Well, because of the nature of the way the question is worded, I'm not going to deal with that at this time. I don't think they have sufficiently deliberated as to reach that point.

This colloquy confirms that the trial court correctly found that there had not been sufficient deliberation by the jury to conclude that it had no reasonable possibility of agreement on the murder charge. The record shows that the jury deliberated less than two hours on three charges in a case involving twenty-seven witnesses and over a hundred exhibits.

Moreover, we also uphold the trial court's ruling on defendant's second motion for a mistrial, which followed the delivery of a jury note at just after 5:00 p.m. on the same afternoon. In the second note, the jury wrote: "We would like to have in writing the five points of the burden of proof for first degree murder charges. We would like to reconvene at 9:30 tomorrow morning." After defendant moved for mistrial, the trial court responded:

[T]he jury got the case at quarter to 3:00 . . . and it's a little after 5:00, and there is not further indication in this note that . . . they are in a hung status . . . . [A]s a matter of fact, they are wanting some further instructions on the law. And there is no sufficient reason at this time to entertain that motion.

We overrule this assignment of error because the facts show no abuse of discretion and no serious improprieties that would make it impossible for defendant to receive a fair and impartial verdict. *See State v. Blackstock*, 314 N.C. 232, 243, 333 S.E.2d 245, 252 (1985); *State v. Davis*, 130 N.C. App. at 679, 505 S.E.2d at 140; *see also* N.C. Gen. Stat. § 15A-1061 (1999).

**[5]** In his final argument, defendant contends that the trial court erred when it denied his motions for nonsuit at the close of the State's evidence and again at the close of all of the evidence.

A motion for nonsuit in a criminal case requires consideration of the evidence in the light most favorable to the State, and the State

RAWLS & ASSOCS. v. HURST

[144 N.C. App. 286 (2001)]

is entitled to every reasonable intendment and every reasonable inference to be drawn therefrom. [citation omitted]. Contradictions and discrepancies are for the jury to resolve and do not warrant nonsuit.

*State v. McKinney*, 288 N.C. 113, 117, 215 S.E.2d 578, 581 (1975). "If there is substantial evidence—whether direct, circumstantial, or both—to support a finding that the offense charged has been committed and that defendant committed it, a case for the jury is made and nonsuit should be denied." *Id.* at 117, 215 S.E.2d at 582.

We hold that the trial court did not abuse its discretion when it denied defendant's motion for nonsuit because the State presented substantial evidence that defendant committed first-degree murder under the felony murder rule, first-degree kidnapping, and robbery with a dangerous weapon. Therefore, this assignment of error is overruled.

For the foregoing reasons, we find that defendant received a fair trial, free from prejudicial error.

No prejudicial error.

Judges TIMMONS-GOODSON and HUDSON concur.