IN THE MATTER OF JAMARCUS OLIVER

No. COA02-911

(Filed 5 August 2003)

1. **Constitutional Law— right of confrontation—right to cross-examine child witness about school disciplinary record**

   The trial court did not violate a juvenile's right to confrontation in a juvenile delinquency hearing by allegedly denying defendant's right to cross-examine a minor child witness about her school disciplinary record in an attempt to ascertain her credibility and whether she had any possible biases or motives because: (1) after seeing the witness's disciplinary record prior to the witness's testimony, defendant did not ask the witness about or direct the trial court's attention to anything contained therein that was of an impeaching nature; (2) the court correctly determined that confidentiality concerns are at issue when considering the release of a child's official student records; and (3) the fact that the witness had a disciplinary record cannot, in and of itself, establish the relevance of its content to determine possible credibility concerns.

2. **Constitutional Law— right of confrontation—right to cross-examine principal about child's school disciplinary record**

   The trial court did not violate a juvenile's right to confrontation in a juvenile delinquency hearing by failing to allow the juvenile to cross-examine a principal about a minor child witness's

IN RE OLIVER

[159 N.C. App. 451 (2003)]

behavior or the contents of her disciplinary record, because: (1) N.C.G.S. § 8C-1, Rule 608(b) prevents defendant from cross-examining the principal about specific instances of the child's conduct for the purpose of attacking the child's character for truthfulness if the principal has not already testified regarding that character, and nothing in the record suggests the principal testified as to the child's character prior to being cross-examined regarding it; and (2) defendant failed to overcome the confidentiality concerns raised by defendant's questions with respect to the child's official student records.

**3. Constitutional Law— right of confrontation—admission of school disciplinary record into evidence**

The trial court did not violate a juvenile's right to confrontation in a juvenile delinquency hearing by refusing to admit a minor child witness's disciplinary record into evidence, because: (1) defendant did not make an offer of proof whereby the disciplinary record was made a part of the court record to support defendant's theory of relevance; and (2) the Court of Appeals reviewed the disciplinary record and concluded that it was devoid of any relevant information that would weigh on the child's credibility in this case.

Appeal by defendant from an order entered 5 December 2001 by Judge Richard G. Chaney in Durham County District Court. Heard in the Court of Appeals 14 May 2003.

*Attorney General Roy A. Cooper, III, by Assistant Attorney General Diane Martin Pomper, for the State.*

*UNC School of Law Criminal Law Clinic, by Supervising Attorney Joseph E. Kennedy and Certified Third-Year Law Student Derrick Charles Mertz, for defendant-appellant.*

HUNTER, Judge.

Fifteen-year-old Jamarcus Q. Oliver ("defendant") appeals a juvenile adjudication order of delinquency based on findings that defendant committed second degree sexual offense and crime against nature when he inserted his penis into the mouth of a thirteen-year-old girl ("H.M.") by force and against her will. We affirm.

On 10 October 2001, defendant, H.M., and other students were riding home on a public school bus from Lowe's Grove Middle School

**IN RE OLIVER**

[159 N.C. App. 451 (2003)]

in Durham, North Carolina. A significant amount of horseplay ensued, which eventually resulted in defendant getting on top of H.M. and pinning her down with his crotch in her face. Defendant admittedly began touching H.M.'s breasts and her buttocks without her permission. The next day however, H.M. told school officials that defendant had also pulled out his penis and inserted it into her mouth after pinning her down on the bus. Juvenile petitions were immediately filed against defendant alleging second degree sexual offense and crime against nature.

During the investigation and subsequent trial that followed, H.M. stated on several occasions that defendant had only *tried* to put his penis in her mouth. Only Tiernay Umstead ("Umstead"), another student on the bus, claimed to have seen defendant's penis in H.M.'s mouth. In an effort to ascertain Umstead's credibility and whether she had any possible biases or motives to corroborate H.M.'s accusation, defendant sought a duly subpoenaed school disciplinary record of Umstead. At the beginning of trial, the court declined to release the disciplinary record to defendant at that time due to the possible existence of some confidentiality issues, but stated it would reconsider that decision if Umstead testified. Thereafter, prior to Umstead's testifying, defendant was allowed a few minutes to view the disciplinary record. Despite defendant's request, the court refused to admit the disciplinary record into evidence; however, it was sealed and designated as "Exhibit I" for appellate review. At trial, defendant further sought to discredit Umstead by attempting to cross-examine Umstead and the school principal, Marsha Person ("Principal Person"), about the child's disciplinary record. The State's objections to those attempts were sustained by the court.

Defendant offered testimony from another student, Mark Ellis, who testified that he had overheard H.M. and three other girls conspiring to make up a story about defendant. However, the trial judge concluded that despite there being some conflict in the evidence,

> I don't think that there is any reason to believe that these girls conspired to make up a story about [defendant]. So the question . . . is whether or not [H.M.'s] telling the truth when she says he actually did it.
>
> And whether or not at the time he got on top of her he had the intent to insert his penis in her mouth, I believe that he got carried away with the situation and, in fact, did, and, therefore, I find him guilty beyond a reasonable doubt of both charges . . . .

IN RE OLIVER

[159 N.C. App. 451 (2003)]

Defendant was adjudicated a juvenile delinquent on 5 December 2001. A juvenile disposition order was entered on 25 February 2002 sentencing defendant to twelve months of supervised probation. Defendant appeals.

The dispositive issue on appeal pertains to Umstead's corroboration of H.M.'s accusation against defendant and whether the trial court deprived defendant of the right to confront this corroborative evidence as guaranteed by both the United States and North Carolina Constitutions. Defendant argues his right to confrontation was violated when the court: (1) denied defendant's request to be provided with a duly subpoenaed school disciplinary record of Umstead at the beginning of trial; (2) refused to allow defendant to cross-examine Umstead with respect to her disciplinary record; (3) refused to allow defendant to cross-examine Principal Person about Umstead's disciplinary record; and (4) refused to admit Umstead's disciplinary record into evidence. Of these four arguments, defendant's brief primarily focuses on his second argument while vaguely mentioning his remaining three arguments. Thus, we shall address his arguments in a similar manner.

"The sixth amendment of the Constitution, made applicable to state criminal proceedings by *Pointer v. Texas*, 380 U.S. 400, 85 S. Ct. 1065, 13 L. Ed. 2d 923 (1965), guarantees the right of an accused in a criminal trial to be confronted with the witnesses against him." *State v. Fortney*, 301 N.C. 31, 36, 269 S.E.2d 110, 112-13 (1980). However, a defendant's right to cross-examination is subject to the sound discretion of the court and is therefore not absolute. *See State v. Coffey*, 326 N.C. 268, 389 S.E.2d 48 (1990); *State v. Pallas*, 144 N.C. App. 277, 548 S.E.2d 773 (2001). The testimony sought to be elicited on cross-examination " 'must be relevant to some defense or relevant to impeach the witness[]' " and, in certain instances, may " 'bow to accommodate other legitimate interests in the criminal trial process[]' " such as the rules of evidence. *Id.* at 283, 548 S.E.2d at 779 (citations omitted).

Rule 608(b) of the North Carolina Rules of Evidence governs the admissibility of a witness' specific instances of conduct for the purpose of attacking that witness' credibility. It provides that a witness' prior conduct may,

> in the discretion of the court, if probative of truthfulness or untruthfulness, be inquired into on cross-examination of the witness (1) concerning his character for truthfulness or untruthful-

ness, or (2) concerning the character for truthfulness or untruthfulness of another witness as to which character the witness being cross-examined has testified.

N.C. Gen. Stat. § 8C-1, Rule 608(b) (2001). Thus, an inquiry regarding a witness' prior conduct is relevant if it is probative of veracity, and its probative value is not outweighed by the prejudicial effect of the evidence. *State v. Leroux*, 326 N.C. 368, 382, 390 S.E.2d 314, 324 (1990).

**[1]** In the case *sub judice*, defendant sought to cross-examine Umstead about her school disciplinary record in an attempt to ascertain her credibility and whether Umstead had any possible biases or motives. Yet, defendant, having seen the disciplinary record prior to Umstead's testimony, did not ask Umstead about or direct the trial court's attention to anything contained therein that was of an impeaching nature. Moreover, the trial court correctly determined that confidentiality concerns are at issue when considering the release of a child's official student records. *See* N.C. Gen. Stat. § 115C-402 (2001) (providing that the official records of students in the North Carolina school system are not public and should be kept confidential). The fact that Umstead had a disciplinary record cannot, in and of itself, establish the relevance of its content to determine possible credibility concerns. Thus, it was in the trial court's discretion to preclude a line of questioning that would have resulted in the dissemination of information as to Umstead's behavior in school where defendant had not shown its relevance in impeaching her credibility.

**[2]** Defendant further argues that the trial court erred in not allowing him to cross-examine Principal Person about Umstead's behavior or the contents of her disciplinary record. However, Rule 608(b) prevents defendant from cross-examining Principal Person about specific instances of Umstead's conduct for the purpose of attacking the child's character for truthfulness if the principal has not already testified regarding that character. Nothing in the record suggests that Principal Person testified as to Umstead's character prior to being cross-examined regarding it. Also, as mentioned previously, defendant failed to overcome the confidentiality concerns raised by defendant's questions with respect to Umstead's official student records. Therefore, this argument of defendant's is overruled.

**[3]** Finally, despite the State's contention to the contrary, defendant did make an offer of proof whereby the disciplinary record was made

a part of the court record to support defendant's "theory of relevance" that it might indicate a "pattern of behavior which reflects on the credibility of [Umstead]." It is firmly established that once the trial court refuses a defendant's line of questioning, that defendant can preserve his argument for appellate review by providing a specific offer of proof of the excluded evidence unless the significance of that excluded evidence was obvious from the record. *See State v. Braxton*, 352 N.C. 158, 213, 531 S.E.2d 428, 460 (2000). Nevertheless, having since reviewed the disciplinary record ourselves, we conclude that it is devoid of any relevant information that would weigh on Umstead's credibility in this case.

For the aforementioned reasons, we affirm the trial court's adjudication of defendant as a juvenile delinquent based on his committing second degree sexual offense and crime against nature.

Affirmed.

Judges MARTIN and GEER concur.