STATE OF NORTH CAROLINA v. KENNEDY EDMONDS, Defendant

No. COA10-464

(Filed 21 June 2011)

**1. Appeal and Error— preservation of constitutional issues— no specific objection—waiver**

Constitutional arguments not raised by a specific objection at trial were waived.

**2. Evidence— rape shield law—victim's inconsistent statements—not admissible**

Evidence in an indecent liberties and statutory rape prosecution concerning the victim's inconsistent statements about her sexual history did not fit within any of the exceptions to the exclusionary mandate of the rape shield law.

**3. Evidence— impeachment—victim's prior sexual history— not admissible**

The trial court did not err in a prosecution for indecent liberties and statutory rape by not admitting evidence of the victim's prior sexual activity for impeachment purposes. The prosecuting witness offered no testimony about her previous sexual activity, the testimony defendant sought to elicit involved activity months earlier that had no direct relationship to this incident, and there was no issue of consent.

**4. Evidence— statutory rape—victim's unredacted medical records—not admissible**

The trial court did not err in a prosecution for indecent liberties and statutory rape by excluding the victim's unredacted medical records, which contained statements about her sexual history.

**5. Appeal and Error— record on appeal —— closing argument not recorded—contention dismissed**

An argument on appeal concerning the limitation of defendant's closing argument was dismissed where closing arguments were not recorded.

Appeal by defendant from judgments entered on or about 20 November 2009 by Judge Alma L. Hinton in Superior Court, Halifax County. Heard in the Court of Appeals 11 October 2010.

STATE v. EDMONDS

[212 N.C. App. 575 (2011)]

*Attorney General Roy A. Cooper, III by Assistant Attorney General Sonya M. Calloway-Durham, for the State.*

*Paul F. Herzog, for defendant-appellant.*

STROUD, Judge.

Defendant appeals from his convictions for statutory rape and indecent liberties with a child. He alleges there were constitutional and statutory errors in his conviction arising from limitations upon his cross-examination of the prosecuting witness, the admission of evidence, and the limitations upon his closing arguments. We disagree and find no error.

## I. Background

Defendant was indicted for statutory rape of a person who is 13, 14, or 15 years old and indecent liberties with a child. He was convicted by a jury on 20 November 2009 of statutory rape of a fifteen year old and indecent liberties with a child. Defendant was sentenced to consecutive terms of 336 months to 413 months for the charge of statutory rape of a child and 21 to 26 months for the charge of taking indecent liberties with a child.

At trial, the State presented evidence that defendant telephoned Carolyn, a fifteen-year-old girl, to ask her to come to his home to pick up a camera and some money she was owed for babysitting. When she arrived at defendant's house, he pulled her inside. Carolyn testified that once she was inside, the defendant hit her, ripped her clothes, and penetrated her vaginally with his penis. As she was leaving the house, defendant told her not to tell anyone. When she arrived home, she told her father about the assault and identified defendant as her attacker. Her father called the police. After speaking with police at her home, Carolyn was taken to the hospital where medical personnel examined her and made notes of her explanation of what had happened. At trial, Carolyn identified the clothes that she had been wearing on the night in question. All three items of clothing were damaged. Both she and her father affirmed that they had not been torn when she left for defendant's house. The State also presented DNA evidence which showed that defendant could "not be excluded as a contributor" to the samples collected from Carolyn.

---

1. We will refer to the minor child by the pseudonym Carolyn to protect the child's identity and for ease of reading.

Defendant testified that he knew Carolyn because she had come to visit his wife. He had arranged for Carolyn to purchase a camera from one of his friends and said that Carolyn called him to see if she could come to his house to pick up the camera. He claimed that she had attempted to leave without paying for the camera and that her pants had been torn when he tried to stop her from leaving with the camera without paying. Defendant further asserted that after accidentally tearing her pants, he had stopped trying to prevent her from leaving and she left with the camera. Defendant further testified that his nephew had been staying with him through the summer of the incident and that he had seen his nephew and Carolyn talking.

## II. Analysis

Defendant first asserts that the trial court committed error in limiting his cross-examination of the prosecuting witness regarding her sexual history. He also asserts that the court erred in not admitting the un-redacted medical records of the prosecuting witness which contained information regarding her prior sexual history. Finally, defendant contends that his closing arguments were improperly limited when the court would not allow him to argue that his nephew or someone else committed the assault on Carolyn. He asserts these errors were prejudicial and in violation of his rights under the constitutions of both North Carolina and the United States as well as in violation of statutory law. For the reasons below, we disagree.

## A. Asserted Constitutional Errors

[1] We begin by addressing defendant's assertion that his constitutional rights were violated by each of his assignments of error. Generally, "error may not be asserted upon appellate review unless the error has been brought to the attention of the trial court by appropriate and timely objection or motion." N.C. Gen. Stat. § 15A-1446(a) (2009); N.C.R. App. P. (10) (a)(1). Objections must "stat[e] the specific grounds for the ruling the party desired the court to make if the specific grounds were not apparent from the context." N.C.R. App. P. (10)(a)(1). "Failure to make an appropriate and timely motion or objection constitutes a waiver of the right to assert the alleged error on appeal . . . ." N.C. Gen. Stat. § 15A-1446(b). Constitutional errors not raised by objection at trial are deemed waived on appeal. *State v. Gainey*, 355 N.C. 73, 87, 558 S.E.2d 463, 473 ("Constitutional issues not raised and passed upon at trial will not be considered for the first time on appeal."), *cert. denied*, 537 U.S. 896, 154 L. Ed. 2d 165 (2002); *State v. Anderson*, 350 N.C. 152, 175, 513 S.E.2d 296, 310 (1999) (citations omitted).

A thorough review of the record in this case gives us no indication that defendant raised any constitutional grounds or argument as to any of the issues which the defendant now argues on appeal. Since those constitutional arguments were not raised by a specific objection at trial, those arguments are waived. *Id.*

B. Assertions of Error Based Upon Statutory Grounds

We next turn to defendant's assertions of error under statutory grounds as to (1) the limitations placed upon his cross-examination, (2) the court's refusal to admit Carolyn's un-redacted medical records and (3) the limitations placed upon his closing argument.

Defendant's first two issues fall under Rule 412, the rape shield law. The North Carolina Rules of Evidence provide for the admission of all relevant evidence absent some constitutional, statutory, or rule-based exception to its admission. N.C. Gen. Stat. § 8C-1, Rule 402 (2009). Relevant evidence is "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." N.C. Gen. Stat. § 8C-1, Rule 401 (2009). Relevant evidence "may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury . . . ." N.C. Gen. Stat. § 8C-1, Rule 403 (2009). Rule 412 governs the use of the prior sexual history of the prosecuting witness in a prosecution for sex crimes and provides in relevant part:

(a) As used in this rule, the term "sexual behavior" means sexual activity of the complainant other than the sexual act which is at issue in the indictment on trial.

(b) Notwithstanding any other provision of law, the sexual behavior of the complainant is irrelevant to any issue in the prosecution unless such behavior:

(1) Was between the complainant and the defendant; or

(2) Is evidence of specific instances of sexual behavior offered for the purpose of showing that the act or acts charged were not committed by the defendant; or

(3) Is evidence of a pattern of sexual behavior so distinctive and so closely resembling the defendant's version of the alleged encounter with the complainant as to tend to prove that such complainant consented to the act or acts charged or behaved in

such a manner as to lead the defendant reasonably to believe that the complainant consented; or

(4) Is evidence of sexual behavior offered as the basis of expert psychological or psychiatric opinion that the complainant fantasized or invented the act or acts charged.

N.C. Gen. Stat. § 8C-1, Rule 412 (2009). Rule 412 also provides for an *in camera* hearing to determine the relevancy and admissibility of evidence which might be in contravention of the Rule. *Id.* Our Supreme Court, in defining substantially similar exceptions in the former rape shield law, has said they are meant to "define those times when the prior sexual behavior of a complainant is relevant to issues raised in a rape trial, and are not a revolutionary move to exclude evidence generally considered relevant in trials of other crimes." *State v. Fortney*, 301 N.C. 31, 42, 269 S.E.2d 110, 116 (1980).

(1) Limitations on Cross-examination

**[2]** Defendant asserts that it was reversible error for the trial court not to allow him to question Carolyn regarding her inconsistent statements about her sexual history to the police at her home and to the medical personnel at the hospital. We disagree.

"The scope of cross-examination is . . . within the sound discretion of the trial court, and its ruling thereon will not be disturbed absent a showing of abuse of discretion." *State v. Herring*, 322 N.C. 733, 743, 370 S.E.2d 363, 370 (1988) (citation omitted). This Court has characterized the proper limitations on defendant's right to cross-examination as follows:

[A] defendant's right to cross-examination is subject to the sound discretion of the court and is therefore not absolute. *See State v. Coffey*, 326 N.C. 268, 389 S.E.2d 48 (1990); *State v. Pallas*, 144 N.C. App. 277, 548 S.E.2d 773 (2001). The testimony sought to be elicited on cross-examination " 'must be relevant to some defense or relevant to impeach the witness[]' " and, in certain instances, may " 'bow to accommodate other legitimate interests in the criminal trial process[]' " such as the rules of evidence. *Pallas*, 144 N.C. App. at 283, 548 S.E.2d at 779 (citations omitted).

*State v. Oliver*, 159 N.C. App. 451, 454, 584 S.E.2d 86, 87 (2003).

The limitations on cross-examination in this case were based upon inadmissibility under Rule 412, as one of those instances as referenced in *Oliver*, in which the right to cross-examination must "bow

to accommodate other legitimate interests in the criminal trial process[,]" *Oliver*, 159 N.C. App. at 454, 584 S.E.2d at 87 (internal citation, quotation marks, and brackets omitted). There is no evidence presented in the record that defendant intended the evidence he proposed on cross-examination to fit within any of the exceptions to Rule 412's exclusionary mandate. Though defendant's apparent theory of the defendant's nephew "or someone else" having committed the crime would most closely align with the second exception, as there are no "specific instances of sexual behavior" to which defendant points, we must conclude that it does not fit therein. N.C. Gen. Stat. § 8C-1, Rule 412 (2009).

**[3]** The lack of a specific basis under Rule 412 for admission of the evidence does not end our analysis. As we have noted, our Supreme Court has made clear that the Rule does not "exclude evidence generally considered relevant in trials of other crimes." *Fortney*, 301 N.C. at 42, 269 S.E.2d at 116. Following that rationale, "a victim's statements about prior specific sexual activity are sometimes admissible for impeachment purposes even though the statements do not fall within one of the Rule 412(b) exceptions." *State v. Bass*, 121 N.C. App. 306, 465 S.E.2d 334 (1996); *see also State v. Younger*, 306 N.C. 692, 295 S.E.2d 453 (1982); *State v. Najewicz*, 112 N.C. App. 280, 436 S.E.2d 132 (1993) ("Thus, contrary to defendant's position, Rule 412 may not be utilized as a barrier to prevent inconsistencies in **sworn** testimony." (emphasis added)). But even when such testimony has been admitted, it has been with the realization that, "absent some factor which ties [the proposed testimony] to the specific act which is the subject of the trial, [it] is irrelevant due to its low probative value and high prejudicial effect." *Younger*, 306 N.C. at 698, 295 S.E.2d at 457. Therefore, "the relevance and probative value of such an inconsistent statement must be weighed against its prejudicial effect." *Id.* at 697, 295 S.E.2d at 456.

As defendant asserts *Younger* supports his position that his questioning regarding Carolyn's disparate statements to the police at her home and to medical personnel at the hospital regarding her prior sexual activity should have been allowed, we turn now to that case. In *Younger*, our Supreme Court held that not allowing the defendant to cross-examine the prosecuting witness regarding inconsistent statements she made in sworn testimony and to her treating physician regarding her sexual activity on the day of her supposed rape was reversible error. *Younger*, 306 N.C. at 698, 295 S.E.2d at 456-57. In its ruling, the Court observed that, "the fact that [a] question includes

STATE v. EDMONDS

[212 N.C. App. 575 (2011)]

previous sexual behavior does not prevent its admission into evidence, instead the sexual conduct reference goes to the degree of prejudice which must be balanced against the question's probative value." *Id.* In that case, where the prosecuting witness had testified in sworn testimony regarding her sexual activity on the day of the alleged rape and defendant argued the prosecuting witness had consented to their sexual encounter, the Supreme Court found that, in "light of the extreme importance of an eyewitness's credibility," "the denial of an opportunity to impeach the prosecuting witness with prior inconsistent statements was highly prejudicial to defendant's case." *Id.* at 698, 295 S.E.2d at 457.

Three relevant factors reduce the probative value of the evidence in the case *sub judice* and distinguish the value of that evidence offered in *Younger* from the evidence offered here. The first is that the prosecuting witness in this case offered no testimony regarding her previous sexual history. The second is that the testimony defendant sought to elicit from Carolyn was regarding sexual activity that occurred months before the incident in this case and as best we can tell bore no direct relationship to the incident in question here. Finally, there is no issue as to the consent of the prosecuting witness in this case. We fail to see, given the lack of an issue of consent, the apparent lack of any developed temporal or causative link between the proposed impeachment and the incident in question and particularly the lack of in-court testimony to form a strong basis for impeachment of the witness, how "the probative value" of the proposed impeachment in any way balances in the positive against its prejudicial effect, even in "light of the extreme importance of eyewitness credibility." *Id.*; *State v. Dorton*, 172 N.C. App. 759, 766-67, 617 S.E.2d 97, 102 (2005) ("Rather, defendant asserts he "simply wanted to attack [the victim's] credibility as a witness . . . ." The evidence defendant sought to present does not fall within any of the four exceptions to the Rape Shield Statute and is inadmissible under our Supreme Court's holding in *State v. Autry*, 321 N.C. 392, 364 S.E.2d 341, 345 (1988) (noting that, because a "victim's virginity or lack thereof does not fall within any of the four exceptions[,]" it is an area "prohibited from cross-examination by Rule 412[,]" and the rule does not violate a defendant's right to confront an adverse witness))"). In essence, defendant asked the trial court to do what our Supreme Court said it should not in *Younger*, to admit "some distant sexual encounter which has no relevance to this case other than showing that the witness [was] sexually active." *Younger*, 306 N.C. at 696, 295

S.E.2d at 456. The trial court properly sustained the State's objections to this evidence.

(2) Court's Refusal to Admit Carolyn's Un-redacted Medical Records

**[4]** Defendant next asserts that the trial court erred in not admitting Carolyn's un-redacted medical records which contained statements regarding her prior sexual history. We disagree.

The redacted portions of the medical records in this case indicated that Carolyn had told hospital personnel that she was "previously sexually active," and provided details regarding that previous sexual experience, including specific details of the type of sexual acts and whether or not a condom was used. These prior sexual experiences occurred at least months prior to the incident which is the subject of this case.

Though review of relevancy determinations is *de novo, State v. Wallace*, 104 N.C. App. 498, 502, 410 S.E.2d 226, 228 (1992), "[a] trial court's ruling on an evidentiary point will be presumed to be correct unless the complaining party can demonstrate that the particular ruling was in fact incorrect." *Herring*, 322 N.C. at 749, 370 S.E.2d at 373 (citations and quotation marks omitted). "Even if the complaining party can show that the trial court erred in its ruling, relief will not ordinarily be granted absent a showing of prejudice." *Id.*

As we have noted above, the North Carolina Rules of Evidence provide for the admission of all relevant evidence absent some constitutional, statutory, or rule-based exception to its admission, but evidence of prior sexual behavior of the victim is limited by Rule 412. Defendant points to *In re: K.W.*, 192 N.C. App. 646, 666 S.E.2d 490 (2008), to justify introduction of the prosecuting witness's un-redacted medical records in this case. In that case, this Court considered whether the Myspace page of a prosecuting witness in an abuse and neglect proceeding which called the witness's testimony regarding her virginity into question could be used for impeachment purposes, where her sworn testimony and statements to police regarding her prior sexual activity were in conflict. *In re: K.W.*, 192 N.C. App. at 650-51, 666 S.E.2d at 494-95. This Court found, following the reasoning in *Younger*, that failure to admit the Myspace page in question was harmless error. *Id.* Again, *In re: K.W.* is distinguished by its factual underpinnings. The probative value of the evidence here is reduced by the lack of sworn testimony regarding sexual history in this case. As we look to "the degree of prejudice which must be balanced

against the question's probative value[,]" *Younger,* 306 N.C. at 698, 295 S.E.2d at 456-57, and in light of our thorough review of the record in this case, we do not see how admission of the medical records of the prosecuting witness, with no sworn testimony developed at trial regarding the prior sexual history of the victim and with the proposed impeachment's having no discernible relationship to the alleged crime, particularly when consent to sexual conduct is not at issue, has any but salacious value at trial. Though we are mindful of the strong interest of defendant in cross-examination on prior inconsistent statements in trials of this type, we find little or no probative value in the admission of the redacted portion of the medical records and therefore find that it was properly excluded.

Even were we to accept that defendant's questioning had some measure of probative value and should have been allowed, there is no evidence that the ability to question Carolyn regarding her prior sexual history would have had any effect on the outcome of the trial. It is evident on the face of the record that defendant was allowed ample cross-examination of Carolyn regarding the events of the day in question as well as ample opportunity to examine her veracity with respect to that testimony. Given the lack of an offer of proof of any evidence to support defendant's apparent theory that Carolyn engaged in another sexual encounter which might explain the DNA findings and her physical examination, it is evident that the questioning intended by the defendant was not likely to have caused the jury to change its verdict. As any supposed error is not prejudicial, it will not yield a new trial. *Herring,* 322 N.C. at 749, 370 S.E.2d at 373.

(3) Limitation on Defendant's Closing Arguments

**[5]** Defendant contends that he was improperly limited in his closing arguments by the trial court's rulings that he could not argue that his nephew or someone else had committed the sexual assault against Carolyn. We disagree.

a. Standard of Review

It is established law in this state that whether closing arguments are proper "is a matter ordinarily left to the sound discretion of the trial judge, and [appellate courts] will not review the exercise of this discretion unless there is such gross impropriety in the argument as would be likely to influence the verdict of the jury." *State v. Riddle,* 311 N.C. 734, 738, 319 S.E.2d 250, 252 (1984) (citation omitted) ("Argument of counsel must be left largely to the control and discre-

tion of the trial judge, and counsel must be allowed wide latitude in their arguments which are warranted by the evidence and are not calculated to mislead or prejudice the jury."); *State v. Covington*, 290 N.C. 313, 328, 226 S.E.2d 629, 640 (1976).

Appellate review is to be made "solely upon the record on appeal, the verbatim transcript of proceedings, if one is designated, and any other items filed pursuant to Rule 9." N.C.R. App. P. Rule 9(a). "The defendant . . . has the duty to see that the record on appeal is properly made up." *State v. McCain*, 39 N.C. App. 213, 215, 249 S.E.2d 812, 814 (1978) (citations omitted). "An appellate court is not required to, and should not, assume error by the trial judge when none appears on the record before the appellate court." *State v. Phifer*, 290 N.C. 203, 212, 297 S.E.2d 393, 396 (1982).

b. Substantive Law

Closing arguments of counsel are governed by N.C. Gen. Stat. § 15A-1230(a):

> (a) During a closing argument to the jury an attorney may not become abusive, inject his personal experiences, express his personal belief as to the truth or falsity of the evidence or as to the guilt or innocence of the defendant, or make arguments on the basis of matters outside the record except for matters concerning which the court may take judicial notice. An attorney may, however, on the basis of the analysis of the evidence, argue any position or conclusion with respect to the matter at issue.

N.C. Gen. Stat. § 15A-1230(a)(2009).

c. Application

Defendant points to the following exchange with the trial court as supporting his contention that the trial court's limitations on his closing arguments constitute reversible error:

> THE COURT: You can argue that it wasn't him, but you can't argue that it was somebody else. Are we clear on my ruling?
>
> [DEFENSE]: I can argue that it wasn't this defendant?
>
> THE COURT: Correct, but you can't argue it was X.
>
> [DEFENSE]: Can I argue it must've been someone else?

STATE v. EDMONDS

[212 N.C. App. 575 (2011)]

THE COURT: No. Must have been somebody else is even more speculative. I mean, it does not cast more than a suspicion on another or raise more than a mere conjectural inference. That is the law that is here.

. . . .

THE COURT: Well, you can argue that he didn't have sex with her. You can argue that he didn't do what she said. But you can't say that somebody else did it.

. . . .

THE COURT: I understand what you are saying. But, understand what my ruling is, that you can't say somebody else. You are not allowed—you will not be permitted to argue that somebody else, John Doe, Jane Doe—that someone else did it.

[DEFENSE]: I can say it wasn't his DNA evidence?

THE COURT: You can. You can stand up there and say "not him." You cannot say "somebody else." Now, they can infer from whatever argument you make that it was somebody else, but you can't say it. You can imply so that they can infer, but you can't say it.

Although defendant argues that he was improperly prevented from arguing that someone else raped the victim, defendant is unable to point to specific portions of his closing argument which were limited by the trial court's ruling, as closing arguments in this case were not recorded. Therefore, defendant has not met his burden of establishing the trial court's alleged error within the record on appeal. This court will not "assume error by the trial judge when none appears on the record before [it]." *State v. Phifer*, 290 N.C. at 212, 297 S.E.2d at 393, 396 (1982). Therefore, the arguments are properly dismissed. *Id.*

### III. Conclusion

For the reasons stated above, we find no error in the rulings of the trial court in this case as to the limitations placed on defendant's cross-examination, admission of redacted medical records excluding statements regarding prior sexual activity of the victim, and limitations upon defendant's closing arguments.

NO ERROR.

Chief Judge MARTIN and Judge STEPHENS concur.