BERGER, Judge.
On October 9, 2017, a Wake County jury found Alvin Kenneth Keels ("Defendant") guilty of two counts of sexual offenses with a child and two counts of indecent liberties with a child. Defendant was sentenced to two consecutive terms of 300 to 420 months in prison. Defendant appeals, asserting that the trial court erred by (1) admitting testimony of Defendant's alleged prior bad acts, and (2) not allowing Defendant to confront a witness about purported false allegations she may have made against others. However, Defendant has failed to properly preserve these issues, so we dismiss Defendant's appeal.
Factual and Procedural Background
Defendant was tried and convicted of sexually assaulting his young daughter, A.K. ("Alice"[1] ). Alice testified that, on several occasions, Defendant would come into her bedroom at night, pick her up, and carry her to his bedroom. Once inside Defendant's bedroom, Defendant would digitally and anally penetrate Alice. These assaults began when Alice was about six years old. However, because Alice was scared of her father's retaliation, Alice waited until several weeks after her tenth birthday before she confided in her mother on March 25, 2016. Alice's mother called the police that evening. Defendant was arrested on July 5, 2016.
Nancy, Defendant's niece, testified that Defendant sexually assaulted her twice when she was seven years old. Both instances occurred in Nancy's grandmother's (Defendant's mother's) house, where Nancy was living at the time. During the first instance, Nancy claimed that she felt uncomfortable and left crying after Defendant hugged her and would not let go. The second assault occurred during a night-time family gathering, which Nancy and Defendant both attended. Toward the end of the family gathering, Defendant asked Nancy to sit with him on the stairs. While isolated from others, Defendant allegedly placed Nancy's hand on his penis over his clothes and placed his hand on Nancy's vagina over her clothes. Defendant than asked Nancy to go into her grandmother's van, which was parked in the driveway. Nancy agreed and followed Defendant into the van, where Nancy claims that Defendant attempted to penetrate her vaginally and anally. Nancy's allegations did not result in formal charges being filed against Defendant.
Based on the above-mentioned testimonies, as well as the testimony of several witnesses who corroborated Alice's testimony, Defendant was convicted of two counts of sexual offenses with a child and two counts of indecent liberties with a child. Defendant was sentenced to imprisonment for two consecutive terms of 300 to 420 months. Additionally, Defendant was required to register as a sex offender and enroll in lifetime Satellite-Based Monitoring. Defendant timely appealed.
Analysis
On appeal, Defendant first challenges the admissibility of Nancy's character evidence under Rule 404(b) of the North Carolina Rules of Evidence, arguing that Nancy's unsubstantiated allegations did not sufficiently demonstrate that Defendant had sexually assaulted her. However, this Court will not address the merits of Defendant's claim, as Defendant failed to properly preserve this issue for appeal.
Rule 10 of the North Carolina Rules of Appellate Procedure states:
[i]n order to preserve an issue for appellate review, a party must have presented to the trial court a timely request, objection, or motion, stating the specific grounds for the ruling the party desired the court to make if the specific grounds were not apparent from the context. It is also necessary for the complaining party to obtain a ruling upon the party's request, objection, or motion.
N.C.R. App. P. 10(a)(1).
Generally speaking, the appellate courts of this state will not review a trial court's decision to admit evidence unless there has been a timely objection. To be timely, an objection to the admission of evidence must be made at the time it is actually introduced at trial.... As such, in order to preserve for appellate review a trial court's decision to admit testimony, objections to [that] testimony must be contemporaneous with the time such testimony is offered into evidence and not made only during a hearing out of the jury's presence prior to the actual introduction of the testimony.
State v. Ray , 364 N.C. 272, 277, 697 S.E.2d 319, 322 (2010) (citations and quotation marks omitted).
Here, Defendant simply objected to Nancy's testimony when she took the stand. Defendant failed to object to any of Nancy's substantive testimony in the presence of the jury. Accordingly, Defendant failed to properly preserve this issue for appellate review, and thus, it is waived.
Moreover, because Defendant failed to argue plain error in his appeal to this Court, Defendant has further waived appellate review. See N.C.R. App. P. 10(a)(4) (requiring appellant to "specifically and distinctly" claim plain error to assert appellate review of unpreserved issues).
Defendant also contends that the trial court erred by allowing the State to introduce evidence of Defendant's prior bad acts, and precluding him from impeaching Nancy's credibility. Outside the presence of the jury, counsel revealed that Nancy asserted similar allegations of sexual assault against other relatives. However, the trial court sustained the State's objection prohibiting Defendant from asking Nancy on cross-examination about these additional allegations pursuant to North Carolina's Rape Shield Law, N.C. Gen. Stat. § 8C-1, Rule 412 (2017). Defendant claims that this was a violation of his constitutional right to due process and a fair trial under Amendments V and XIV of the United States Constitution and Article I, Sections 19 and 35, of the North Carolina Constitution. However, this Court will not address the merits of Defendant's claim as he has also failed to properly preserve the issue for appeal.
"It is well settled that constitutional matters that are not raised and passed upon at trial will not be reviewed for the first time on appeal." State v. Garcia , 358 N.C. 382, 410, 597 S.E.2d 724, 745 (2004) (citations and quotation marks omitted), cert. denied , 543 U.S. 1156, 161 L.Ed.2d 122 (2005) ; see also State v. Edmonds , 212 N.C. App. 575, 577, 713 S.E.2d 111, 114 (2011) ("Constitutional errors not raised by objection at trial are deemed waived on appeal." (citation omitted) ).
There is no indication in the record that Defendant raised any constitutional argument regarding the admissibility of Nancy's prior accusations. Thus, Defendant has also waived appellate review on these issues.
Conclusion
As Defendant failed to preserve both of his issues on appeal, Defendant's appeal is dismissed in its entirety.
DISMISSED.
Report per Rule 30(e).
Judges DIETZ and TYSON concur.

Pseudonyms are used throughout to protect the identity of the children pursuant to N.C.R. App. P. 3.1(b), and for ease of reading.